No. 67.—SHADRACK R. FELTON and others, Executors of John Rushin, deceased, *vs.* JESSE PITMAN and others, defendants in error.

[1.] If the deed under which a party claims title is lost or destroyed, and the subscribing witnesses are unknown, it will dispense with the necessity of resorting, first to them, to prove the instrument.

[2.] If the defendant shows, by his proof, that a deed under which the plaintiff claimed, is lost or destroyed, it will dispense with this preliminary proof on the part of the plaintiff, so as to entitle him to introduce secondary evidence of the contents of the instrument.

[3.] The *mere registration* of *derivative* conveyances, is no notice that title has passed out of the original grantor, viz: If A sell to B, and B to C, and C to D, the record of the two latter deeds is no notice that the title had been conveyed by A.

In Equity in Sumter Superior Court. Tried before Judge PERKINS, August Term, 1853.

Benjamin Carlisle sold to Cornelius, his chances in the Land Lottery of 182–, and gave him a bond to make titles to whatever lots he might draw. He drew lot No. 374, 28th district of Lee, now Sumter county, but died before making titles to Sullivan. Jane Carlisle, his widow and sole heir, afterwards executed a deed to Sullivan, which deed was never recorded. In 1830, Sullivan sold and conveyed the lot to Marshall Pitman,

who, in 1835, sold and conveyed to John Rushin. These deeds were duly recorded shortly thereafter.

In June, 1842, Allen Marshall, by some means, procured a quit-claim deed from Jane Carlisle, to the same lot of land. In the same year, he procured letters of administration on Benjamin Carlisle's estate—caused this lot to be sold, and through his brother, became the purchaser. He also procured from Sullivan the deed made by Mrs. Carlisle to him, under a promise to return it, which he never did. Jesse Pitman went into the possession of the land under Marshall.

The executors of John Rushin commenced their action against Pitman to recover this land, but being unable to proceed at Law, on account of this lost deed, filed their bill in Equity, charging the foregoing facts, and making Pittman, Cornelius Sullivan, Jane Carlisle, and the administrators of Allen Marshall, parties defendant.

Pitman and the administrators of Marshall, in their answers denied the existence of the deed, or any knowledge, whatever, of it. Mrs. Jane Carlisle admitted the making of the deed, and stated that John Cartledge, of Columbia county, was one of the witnesses thereto.

On the trial, two witnesses testified that they had seen the deed from Mrs. Carlisle to Sullivan, and traced it to the possession of Allen Marshall. The Court charged the Jury, among other things, " That the deed alleged in the bill as having been made by Jane Carlisle to C. Sullivan, had to be proven by the subscribing witnesses, unless they were shown to be dead or resided without the jurisdiction of this State". To this charge complainant excepted.

The Court also charged that there must be "*positive* notice" of Rushin's title brought home to Allen Marshall, and that " the registration of the deeds, from Sullivan to Pitman, and from Pitman to Rushin, under the circumstances of this case, was not sufficient notice". To this charge, complainant excepted.

On these exceptions error has been assigned.

JAMES J. SCARBOROUGH, for plaintiffs in error.

1. The Court below erred in instructing the Jury that the answer of Cornelius Sullivan was not evidence against Jesse Pitman. Both Rushin and Pitman derived their titles through Jane Carlisle, and both are in privity. (1 *Greenleaf's Ev.* sec. 178. 3 *do.* 283. *Clayton, Trustee, vs. Thompson,* 13 *Ga. R.* 206.)

2. The deed from Jane Carlisle to Cornelius Sullivan having been obtained out the possession of Sullivan, by Allen Marshall, fraudulently, who is Pitman's grantor, and lost or destroyed by Marshall; and complainant's not knowing the subscribing witnesses, and the bill being for discovery of the existence of the deed, and relief incidental thereto, dispense with the production of the subscribing witnesses, from the *necessity of the case.* (1 *Green. Ev.* sec. 572. *Keeling vs. Batt, Peak's Ev. App.* 98.)

3. The Law does not require positive notice of a prior outstanding title. Any notice that will put a prudent man upon inquiry, is sufficient. (1 *Story's Eq. Jur.* sec. 399, 400. *Story vs. Arden, John's C. R.* 267. *Taylor vs. Stibbert,* 2 *Vesey, Jr.* 437, 443. *Lupton vs. Cornell,* 4 *J. C. R.* 262. *Doe ex Dem. Pollock, adm'r, vs. Jorden et al. Decatur Sittings, August,* 1853, *S. C. Ga.*)

4. The registration of Rushin's deed from Marshall Pitman, on the 10th March, 1837, Rushin being a *bona fide* prior purchaser, for value, is constructive notice; and when taken in connection with Hodge's evidence, as to positive information, that Rushin claimed the land, and Pitman's own statement that Jenken's also claimed it, besides Pitman, his, Pitman's title not accruing until 6th August, 1845, more than 8 years after the registration of Rushin's deed. (1 *Story's Eq. Jur.* sec's. 401, 403. *Parks vs. Alexander, John's C. R.* 394. *Lupton vs. Cornell,* 4 *Ib.* 262.)

5. The Court below did not leave the question of notice, fairly, to the Jury; but told the Jury there must be positive

evidence of notice; that the registration of the deed was not evidence of notice.

E. R. BROWN, for defendant in error.

1. There was no error in ruling, in the order to sell the real estate of B. Carlisle, deceased.   This Court has already decided the very point in favor of the validity of such an order. (*Tucker vs. Harris*, 13 *Ga. R.* 1.)

2. The subscribing witnesses are the only proper witnesses, in the first instance, to prove the execution of the deed, unless some legal excuse appears for their non-production.   (*Ellis vs. Smith*, 10 *Ga. R.* 253.)

3. The testimony of the impeaching witnesses, was properly admitted by the Court.   (1 *Grant, E.* § 461.)

4. A mere rumor of the existence of an adverse title, is not sufficient legal notice to supplant the title of a *bona fide* purchaser, for a valuable consideration, as in this instance.   (*Colquitt vs. Thomas*, 8 *Ga. R.* 269.)

5. The record of the deed from C. Sullivan to M. Pitman, and the one from him to John Rushin, is certainly *no notice*, such as to set aside the deeds, both from Jane Carlisle to A. Marshall, as well as the administrator's deed.   (*Fleming vs. Townsend*, 6 *Ga. R.* 111.)

6. But even admit all the above propositions in favor of the complainants below;  still, they cannot recover, as the foundation of their title *rests* in the violation of Law against the sale of *chances* to draw in the land lottery.   (*Daw. Comp.* 255.)

7. Again, the deed from Jane Carlisle to C. Sullivan, was without consideration, the plaintiffs having proven the payment of none, which was consequently supplanted by the subsequent deed from her to A. Marshall, for a valuable consideration, without notice.   See *Stat.* 27, *Eliz. Fleming vs. Townsend*, 6 *Ga. R.* 107.

8. The title of the administrator, by virtue of a sale, in due form of Law, by him, is paramount to the title from an heir to

the estate, either with or without notice of such adverse title. (*Carithers vs. Bailey*, 3 *Ga. R.* 105.)

9. The answer of Jane Carlisle was not sufficient to prove the execution of the lost deed. (10 *Ga. R.* 261.)

*By the Court.*—LUMPKIN, J. delivering the opinion.

Benjamin Carlisle drew lot No. 374, in the 28th district of originally Lee, now Sumter county. He sold his chance in the lottery to Cornelius Sullivan, to whom he made a bond for titles. He died without having executed a deed; and his widow, who was his sole heir, about the year 1830, executed a conveyance to Sullivan and took up her husband's bond. Sullivan conveyed the land to Marshall Pitman, and Pitman to John Rushin. The two latter deeds were recorded in 1837.

In June, 1842, one Allen Marshall procured a quit-claim deed from Mrs. Carlisle, for the same lot of land. He administered on the estate of Benjamin Carlisle, and by a sale made under the authority of the Court of Ordinary, he obtained a title to the same land; that is to say, James Marshall bid off the property at his brother's sale, as administrator, and reconveyed to his brother. Allen Marshall sold to Jesse Pitman in 1845, who went into possession of the premises, and against whom an action of ejectment was brought, to recover the possession and the mesne profits. The deed from Mrs. Jane Carlisle to Cornelius Sullivan having been lost, the plaintiff in ejectment filed his bill in aid of the suit at Law, for the purpose of supplying this link in his chain of title. To establish this paper he relied on the testimony of Mark Sullivan, Effy Perdy and the answer, in Chancery, of Mrs. Carlisle to his bill.

The evidence having closed on both sides, the Court charges the Jury that the plaintiff must first resort to the subscribing witnesses of the deed, unless they were dead, or insane, or beyond the jurisdiction of the Court.

[1.] To this charge the plaintiff excepts, and insists that there is a further exception to the rule of evidence, as laid down by the Court, as to proof of the execution of deeds, and

which will dispense with the necessity of resorting to the attesting witnesses, namely; where the deed is lost and the subscribing witnesses are unknown.

We recognize this as a well-established rule of evidence; but unfortunately for the plaintiff in error, he does not bring himself within it. True, it does satisfactorily appear, that his deed from Mrs. Carlisle is lost. This fact is made out in this way: plaintiff's witnesses prove the instrument in the possession of Allen Marshall; and if the matter stopped there, the plaintiff would have been at fault, in not notifying his adversary to produce the paper on the trial. But this preliminary proceeding, for the purpose of letting in the secondary evidence, is obviated by the answers of two of the defendants to the complainant's bill. Allen Marshall is dead, and Low, his administrator, swears, positively, in his answer, that he knows nothing of any such deed; and Jesse Pitman, the feoffee of Allen Marshall, and tenant in possession, against whom the action was brought, makes the same statement in his answer. And thus it is shown, by the oaths of the only persons who may be presumed to have the custody of the deed, to wit: the legal representative of Marshall and the purchaser from him, that the deed is lost or destroyed. If Allen Marshall, in his life-time, ever got possession of this paper, and it is proven that he did, it is not likely that he would preserve a document so fatal to his title, namely: a prior conveyance from the same grantor under whom he claims, to the premises in dispute.

[2.] Thus, we think, it is made to appear, satisfactorily, that the deed from Jane Carlisle to Cornelius Sullivan, is lost. And this, too, I may remark, by mere accident, as it were, and without the exercise of any diligence on his part.

But how is the other requisition of the rule complied with, viz: ignorance, on the part of the plaintiff, as to who were the subscribing witnesses? He not only fails to make this proof, but the very contrary is conclusively established by the record.

Mrs. Carlisle swears, in her answer, that one John Cartlidge, of Columbia county, was one of the subscribing witnesses to the deed, which she made to Cornelius Sullivan. And it does not

appear but that he is alive and accessible to the plaintiff. The fact is, that he is alive and still residing in the county where the conveyance was executed. The Court was right, therefore, in instructing the Jury that this witness must be examined, before recourse could be had, elsewhere, to prove the execution of the lost deed. And this omission is fatal to the plaintiff's case.

[3.] I have noticed that the deeds from Cornelius Sullivan to Marshall Pitman, and from the latter to John Rushin, were recorded in 1837, before the adverse title accrued. The Court instructed the Jury that the mere registration of these derivative conveyances, was no notice to Jesse Pitman, that the title to this land had passed out of Benjamin Carlisle or his widow, Mrs. Jane Carlisle. We think that this charge was right.

Mr. Pitman is about to purchase lot No. 374, in Sumter county, of Allen Marshall, who informs him that he derived title from Mrs. Jane Carlisle, the only heir, at law, of Benjamin Carlisle, deceased, and also from the estate of said deceased. How could the registration of deeds from Sullivan to Marshall, and from Marshall to Rushin, put Mr. Pitman upon inquiry, as to the ownership of this land? He searches the records, alphabetically, to see whether the Carlisle's husband or wife, his original grantors, have conveyed. He finds no deed passing out of them. What is there, upon the books, to direct his attention or inquiry to deeds, executed by other persons, having no connection with the Carlisle's?

We look to the index, for the names of the grantor and grantee, and not to the body of the deed, to see what property they convey. Such a rule as this would devolve upon every citizen, for his safety and security, to search the books in the Clerk's office, almost as diligently as his Bible, to see what property was passing from hand to hand, throughout the entire community. It would be practically, to convert him into that most odious of characters, a busy-body in other people's matters.

If there was actual proof of notice to Pitman, of these derivative conveyances, and that they contained lot No. 374, that would be another case. But, to my mind, it is plain that the

Court was right in holding that the mere registration of these deeds constituted no such notice. Indeed, it has been decided that the record of the deed, from Mrs. Carlisle, herself, would not be sufficient. That in such cases as this, actual, and not constructive, notice must be proven.

But even if the Court was wrong upon this point, it could not avail the plaintiff in error, who, like all other plaintiffs in ejectment, must recover on the strength of his own title, and not the weakness of the defendant's. Set aside Pitman's deed, on the ground of notice, and leave him in the naked possession of the premises, that possession cannot be disturbed, until the plaintiff supplies the link in his title, which is missing, and that is, the deed from Mrs. Carlisle to himself.

There were various other exceptions taken, but these being the only two insisted upon, and the rest abandoned on the argument, we forbear to notice the rest.

The judgment must be affirmed.