COURSEY *et al.* v. COURSEY, executor.

1. Prior to 1885 (Acts 1884-5, p. 68) a sheriff was not authorized to levy an execution issued from a justice's court; and if a sheriff levied such an execution upon land and sold the same by virtue thereof, the sale was invalid.

(*a*) From the statement in the record it is not clear whether the sheriff made the levy or not; but as the objection was raised that he did so, and such objection was sustained and the sheriff's deed excluded from evidence, and it seems to have been conceded that the levy was made by the sheriff, this court can not hold that such ruling was erroneous.

(*b*) The sheriff's deed appears to have been offered as title, and not as color of title. Moreover, it did not purport to convey title to any one who took possession thereunder. Color of title to one person who never

takes possession, but subsequently conveys to another without referring to the former conveyance, is not color of title to such second person. The conveyance from his grantor is his color of title.

(*c*) Notice of the estoppel dealt with in the next headnote not having been shown so as to affect the defendant's testator, the sheriff's deed was not admissible in that connection.

2. In an action to recover land, it appeared that the title was originally held by a man and his wife. Under an execution against them there was a void sheriff's sale. The husband negotiated with the purchaser for the purpose of having the latter buy the land and allowing the husband or wife to redeem it. Later, the purchaser at the sheriff's sale made a deed to the wife, as trustee for her children then living, and those who might be living at her death, reciting a consideration of love and affection for the grantee's children, and also ten dollars paid. The husband attested this deed. The purchaser at the sheriff's sale never took possession, but the husband and wife retained it. *Held,* that an estoppel arose against the husband and wife in favor of the beneficiaries of the trust deed, preventing them from denying the trust.

3. Such estoppel would not operate against a subsequent grantee from the husband and wife as individuals, if he were a bona fide purchaser for value and without notice.

4. The record of the deed to the wife as trustee for her children, made by the purchaser at the sheriff's sale, who was not shown to have any claim of title except the invalid and unrecorded sheriff's deed, did not operate as constructive notice to a subsequent purchaser from the husband and wife as individuals, they having held a good title prior to the sheriff's sale, and having remained in possession thereafter.

5. Adverse possession of land is notice of whatever facts in reference to the title would be developed by inquiry of the person in possession, reasonably prosecuted, the presumption being that inquiry of such person would disclose how and under what right he holds possession, and therefore lead to the discovery of the real adverse holder, whether himself or another for or under whom he holds possession; and in the absence of such inquiry, the presumption is that, had it been made, the right, title, or interest under which the possessor held would have been disclosed.

(*a*) If husband and wife are in possession of land, the prima facie presumption is that the possession is that of the husband.

(*b*) The purchaser at the sale from the husband and wife was not the defendant in the action to recover the land, but such defendant was the executor of another, and the testator was not shown to have been charged with notice or put upon inquiry. As the plaintiffs failed to show a perfect title, and were compelled to rely upon estoppel in pais, the burden of showing that the defendant was affected by it rested upon them.

(*c*) The defendant was not shown to claim under the trust deed, and the rule of estoppel as against privies in estate, did not apply to him, so as to work an estoppel regardless of the question of notice.

(*d*) A case of prescriptive title in favor of the plaintiffs was not made out.

6. There was no error in granting a nonsuit.

NOVEMBER 17, 1913.

Complaint for land. Before Judge Rawlings. Toombs superior court. November term, 1912.

*G. W. Lankford* and *P. W. Meldrim,* for plaintiffs.

*Way & Burkhalter* and *Hines & Jordan,* for defendant.

LUMPKIN, J. A. J. Coursey and others brought an action to recover land, against T. J. Coursey as executor of R. E. L. Coursey, deceased. On the trial the presiding judge excluded from evidence a sheriff's deed on which the plaintiffs relied. Upon the close of the evidence introduced by them, he granted a nonsuit, and they excepted. It was admitted by the plaintiffs that the title was originally in William A. and Mary R. Coursey, under whom the defendant claimed; but it was contended that there was a sheriff's sale under an execution against the Courseys, at which William A. McLeod bought, that he conveyed to Mary R. Coursey in trust for her three children then living and such other children as she might leave living at her death, and that the plaintiffs were the children, or those representing children, except one, Mrs. Coursey being dead.

1. The deed from the sheriff to McLeod purported to have been based on a sale by the sheriff in 1860, under an execution issued from a justice's court. It is not clear from the abstract of the deed contained in the record whether the levy was made by the sheriff or by a constable, but it was treated as having been made by the sheriff. If so, such levy was invalid prior to the act of 1885 (Acts 1884-5, p. 68). Code of 1863, § 3574; *Treadwell* v. *Beauchamp,* 82 *Ga.* 736, 737 (9 S. E. 1040). The sheriff's deed was not accompanied by an execution, nor did the deed or execution appear to have been recorded. An attorney testified that he could not find the execution in the office of the clerk or sheriff, but its existence and contents, or the entries of levy, were not shown. Under these facts, we can not say that there was error in rejecting the sheriff's deed as title.

It did not appear that the deed was offered as color of title, but it is contended that it was admissible as such. It did not purport to convey title to any one who took possession under it. Color of title, to be of avail, must be accompanied or followed by possession. *Turner* v. *Neisler,* ante, 27 (80 S. E. 461).

If notice of this deed and the estoppel presently to be mentioned had been shown to have been chargeable to the defendant's testator, the deed might have been admissible in that connection. *Parks* v.

*Williams,* 137 *Ga.* 578 (73 S. E. 839). This was the last piece of evidence offered; and as it will be held that a prima facie case of notice to the defendant's intestate was not made, there was no error in rejecting the deed.

2. W. A. Coursey and his wife occupied the land, and remained on it after the sheriff's sale. The evidence showed that Coursey, the husband, was present at the sheriff's sale, and negotiated with the purchaser for the latter to buy the land and let Coursey or his wife redeem it; and later McLeod, the purchaser at the sheriff's sale, made a deed to Mrs. Coursey as trustee, reciting a consideration of love and affection for her children, and ten dollars paid. Coursey was a witness to this deed. Against Coursey and Mrs. Coursey an estoppel arose, preventing them from denying the trust as against the beneficiaries. 2 Herman on Estoppel, § 846; *Smith* v. *Sutton,* 74 *Ga.* 528. But estoppel is not a conveyance of title. Its office is to prevent denial by one affected by it, not to affirmatively transfer title. In *Thornton* v. *Ferguson,* 133 *Ga.* 825 (67 S. E. 97, 134 Am. St. R. 226), it was held that an estoppel in pais on account of representations made by the owner of land, which induced another person to extend credit and to accept a mortgage on the land from a third person, is not operative against a subsequent grantee of the owner of the land, who is a bona fide purchaser for value and without notice. See also Brian *v.* Bonvillain, 52 La. Ann. 1794 (28 So. 261).

The question then arises, what notice was shown to the defendant's testator? The deed from McLeod to Mrs. Coursey as trustee was recorded. But, as McLeod was not proved to have a legal title, the record of the deed was not constructive notice to the subsequent purchaser from Mr. and Mrs. Coursey as individuals. The husband and wife already had title to the property individually. This deed was not a part of the chain under which the purchaser claimed, and as to him it was not constructive notice. 39 Cyc. 1721 (3), 1722; *Felton* v. *Pitman,* 14 *Ga.* 530; 24 Am. & Eng. Enc. Law (2d ed.), 148.

W. A. Coursey and his wife having title in themselves, and Mrs. Coursey also having the trust deed from the purchaser at the void sheriff's sale, when they offered the property for sale, their possession put a proposed purchaser on inquiry as to the right or title under which they held, and he was chargeable with whatever that

inquiry, reasonably prosecuted, would have developed. *Walker* v. *Neil*, 117 *Ga.* 733 (45 S. E. 387); *Austin* v. *Southern Home Building & Loan Association*, 122 *Ga.* 439 (50 S. E. 382). The purchaser from Coursey and his wife, however, is not the defendant in this action, but the executor of another, and the testator was not shown to have been charged with notice or put upon inquiry, as it did not appear that Coursey or his wife were in possession when the testator bought the land. As the plaintiffs must recover on the strength of their own title, and not on the weakness of that of the defendant, when they failed to show a superior legal title from W. A. Coursey and his wife, and sought to bridge over the chasm with an estoppel in pais, it became a part of their case, and the burden of showing that the defendant was affected by it rested upon them. The rule of estoppel of privies in estate did not apply so as to work an absolute estoppel, as the defendant was not shown to claim under the trust deed.

It is unnecessary to discuss whether the plaintiffs could set up estoppel in this short form of action, without pleading it. At any rate, they failed to prove a good title in themselves, or that the defendant's testator was affected with notice or bound by the estoppel in pais. The nonsuit was therefore properly granted. Other reasons were urged by the defendant in error why a nonsuit was properly granted. But those discussed above dispose of the case.

It was argued that Mrs. Coursey, as trustee, acquired a good prescriptive title. But she and her husband had title before the trust deed was made, and both remained on the land. Prescription did not ripen in her favor as trustee against herself and her husband. *Judgment affirmed. All the Justices concur.*