## HINTON *et al. v.* McBRIDE *et al.*

HILL, J. In 1906 H. G. and W. R. McBride, as purchasers under a bond for title from John F. Cone, entered into possession of a lot of land in the City of Macon. In 1911 W. Henry Cone executed to J. G. Hinton a deed to secure a debt, covering the same property, which deed was recorded on February 15, 1911. In 1914 H. G. McBride and Ada F. McBride (the present plaintiffs, the last named being the successor to the rights of W. R. McBride) received another bond for title from Charles H. Cone, who claimed to have succeeded to the rights of John F. Cone, and who contended that the original agreement of purchase did not include the entire lot. By the terms of this contract the plaintiffs undertook to pay a larger consideration than was their obligation under the first bond. After this transaction the plaintiffs continued in possession and were in possession when the present equitable petition was filed. Subsequently to the transaction in 1914 outlined above, Hinton foreclosed his deed to secure debt, obtained judgment, and levied an execution on the lands in controversy. Thereupon the plaintiffs brought the present proceeding to enjoin a sale of the property, and to have canceled as a cloud on their title the deed upon which the judgment was based. W. Henry Cone, the grantor in the deed referred to, claimed to have acquired title from John F. Cone under a deed executed in 1911, but no such deed was ever recorded, nor did it appear

that the plaintiffs had any actual notice that there had been any transfer of title from John F. Cone to W. Henry Cone; nor was there any notice, actual or constructive, of any transfer of title from W. Henry Cone to Charles H. Cone; nor indeed, so far as the record before us discloses, any claim that any such transfer had been made. In their pleadings the plaintiffs claimed to have paid the full purchase-money to John F. Cone; and they so testified, according to a statement of the evidence contained in the bill of exceptions. The trial resulted in a verdict for the plaintiffs; and the court rendered a decree thereon, permanently enjoining the enforcement of the execution against the property in controversy and cancelling the deed in so far as it attempted to convey title to the property to Hinton. The defendants took a bill of exceptions under the Civil Code (1910), § 6144, bringing up for decision the legal question as to whose rights in the property were superior under the facts set out, —those of the purchasers of the property or those of the holder of the deed to secure the debt. *Held:*

1. The record of the deed to secure the debt from W. Henry Cone to Hinton was not constructive notice to the plaintiffs, and did not affect any rights acquired by them either under their original contract of purchase from John F. Cone, or under the second contract made with Charles H. Cone in 1914, whether or not the second contract be considered a novation of the original contract of purchase from John F. Cone, it appearing that there was not of record any transfer of title to W. Henry Cone from either John F. Cone (whom both parties admit to have been the true owner at the time of the original purchase from him by H. G. and W. R. McBride in 1906), or from Charles H. Cone, nor any actual notice that either of them had made any transfer of title to him. *Felton* v. *Pitman*, 14 *Ga.* 530 (3); *Coursey* v. *Coursey*, 141 *Ga.* 65 (80 S. E. 462).

2. The plaintiffs having shown possession of the property, with all or a part of the purchase-money paid, and no notice to them, actual or constructive, of any rights acquired by Hinton by virtue of his deed to secure a debt, their rights were superior to those of Hinton; and there was no error in decreeing a permanent injunction and cancellation of the deed to secure the debt, so far as it attempted to convey title to Hinton.

3. The deed from W. Henry Cone to Charles H. Cone, purporting to have been made in 1914, recorded in 1916, can in no way affect the rulings above made.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 360. JANUARY 18, 1918. REHEARING DENIED FEBRUARY 16, 1918.

Equitable petition. Before Judge Mathews. Bibb superior court. November 17, 1916.

*Hardeman, Jones, Park & Johnston* and *Harry S. Strozier,* for plaintiffs in error. *L. D. Moore,* contra.