### CITIZENS AND SOUTHERN BANK *v.* FARR *et al.*

ATKINSON, J. 1. "A deed to lands in this State must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser, or some one for him, and be made on a valuable or good consideration." Civil Code (1910), § 4179. A seal is not an essential requisite to a deed. *Atlanta, Knoxville &c. Ry. Co.* v. *McKinney,* 124

Bills and Notes, 8 C. J. p. 464, n. 15; p. 720, n. 17; p. 767, n. 16; p. 770, n. 39; p. 789, n. 93; p. 879, n. 60.

Deeds, 18 C. J. p. 162, n. 44; p. 170, n. 71; p. 171, n. 72, 87; p. 190, n. 28; p. 191, n. 51; p. 193, n. 76; p. 194, n. 95; p. 196, n. 17; p. 203, n. 67; p. 247, n. 54 New.

Mortgages, 41 C. J. p. 670, n. 52; p. 680, n. 60; p. 683, n. 78.

*Ga.* 929 (5) (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215); *Patterson* v. *Burns,* 150 *Ga.* 198 (103 S. E. 241); *Bank of Manchester* v. *Birmingham Trust &c. Co.,* 156 *Ga.* 486 (3) (119 S. E. 603). "No prescribed form is essential to the validity of a deed to lands or personalty. If sufficient in itself to make known the transaction between the parties, no want of form will invalidate it." Civil Code (1910), § 4182. The paper set forth in the statement of facts, executed by Farr to Burnett and Burnett, is sufficient in form and substance to constitute a deed to secure debt.

2. In addition to the description of the land and covenants as to conveyance of title to secure debt, the instrument just referred to contains the following: "It is understood between the party of the first part and the party of the second part, that this security deed is given subject to a security deed in the sum of three thousand ($3000.00) dollars, and this security deed is given as part of the purchase-price of said above-described lot with premises thereon, purchased this day by the party of the first part from Burnett and Burnett; said party of the first part paying for the said described premises by assuming the above-described three thousand ($3000.00) dollar loan and executing the above-mentioned notes to the amount of two thousand ($2000.00) dollars." If the paper containing this clause had been signed also by Claude T. Burnett, it would have been a good conveyance to Farr of said Burnett's title to the land; but as it was not signed by him, it was not a good conveyance of Burnett's title to the land.

3. "The mere registration of derivative conveyances is no notice that title has passed out of the original grantor, viz.: If A sell to B, and B to C, and C to D, the record of the two latter deeds is no notice that the title had been conveyed by A." *Felton* v. *Pitman,* 14 *Ga.* 530 (3); *Coursey* v. *Coursey,* 141 *Ga.* 65 (80 S. E. 462); *Hinton* v. *McBride,* 147 *Ga.* 603 (95 S. E. 1). Record of the instrument referred to in the preceding note, while unsigned by Claude T. Burnett, would not affect the status of subsequent purchasers of the land from Claude T. Burnett, with notice of Farr's interest in the land.

4. The written transfer of Burnett and Burnett by Claude T. Burnett to the Citizens and Southern Bank, duly executed, as a deed to land is required by law to be executed, described the instrument and purported to "sell, assign, transfer, and set over" the instrument, "and also the debt in said mortgage described and thereby secured, together with all our right, title, and interest in and to said mortgage, the property therein described, and the debt thereby secured." This was an express conveyance by Claude T. Burnett to the bank of "the property therein described," which was his first conveyance of the legal title to the land described in the security deed. In virtue of the security deed and notes and this transfer, the bank became vested with legal title to the debt and to the land as security for the debt, prior to the several transactions between Claude T. Burnett with Mrs. Brigham, Mrs. Quinn, or Mr. Crane.

5. But as the instrument of assignment to the bank was never recorded, the said subsequent purchasers were not charged with constructive notice of the bank's title.

56

6. It was alleged in paragraph 13 of the petition: "That the defendants had actual and constructive notice of rights, interests, and equities of both petitioner and the said R. E. Farr under said contract of sale transferred to petitioner as aforesaid and duly recorded on April 6th, 1925, and in the property therein described." This was amended by alleging "that actual notice was obtained by defendants as to the sale and transactions between defendants Burnett and Farr, from and in conversations had with said Burnett previous to the subsequent transactions between Burnett and the other defendants herein." These, as against a general demurrer, were sufficient allegations of actual notice to the subsequent purchasers, of the parol contract between Burnett and Farr; and this would make the title of Farr which went into the bank, and also the title of the bank, superior to the title of subsequent purchasers from Burnett.

7. "The bona fide holder for value of a bill, draft, or promissory note, or other negotiable instrument, who receives the same before it is due, and without notice of any defect or defense, shall be protected from any defenses set up by the maker, acceptor, or indorser, except the following: 1. Non est factum. 2. Gambling, or immoral and illegal consideration. 3. Fraud in its procurement." Civil Code (1910), § 4286. The petition alleges that the bank purchased the notes for value before their maturity. The petition does not on its face disclose any defense upon the part of Farr to the notes.

8. The petition alleged causes of action against each of the defendants, and it was erroneous to sustain the general demurrers.

*Judgment reversed. All the Justices concur, except Hill, J., absent, and Gilbert, J., disqualified.*

No. 5725.   October 1, 1927.

Equitable petition. Before Judge Franklin. Richmond superior court. November 2, 1926.

On April 3, 1925, Claude T. Burnett owned (subject to certain outstanding security deeds which were subsequently paid off) a described lot in the City of Augusta, on which was a newly constructed and unoccupied dwelling-house. On the date above stated, Claude T. Burnett entered into a parol contract to sell the said lot to R. E. Farr for the price of five thousand dollars, to be paid by assumption of an outstanding secured loan of $3000, and giving purchase-money notes for $2000, divided into monthly installments of $50 each. Claude T. Burnett did not then execute a formal deed to Farr. The only writing executed between the parties at that time consisted of the purchase-money notes that were made payable to "Burnett and Burnett," and a paper which, so far as necessary to state, was as follows: "This indenture, made this third day of April, nineteen hundred and twenty-five, between R. E. Farr, hereinafter designated as grantor, and Burnett & Bur-

nett, a firm composed of Claude T. Burnett and E. Stanley Burnett, hereinafter designated as grantees, witnesseth that said grantor, for and in consideration of the sum of two thousand ($2000.00) dollars, to me in hand paid by said grantees, receipt of which is hereby acknowledged, has and by these presents does grant, sell, convey, release, and confirm unto the said grantees, and their heirs and assigns [the property fully described]. To have and to hold the aforesaid realty . . unto the said grantees, Burnett & Burnett, their heirs and assigns, in fee simple forever. This conveyance is intended to operate as provided in section 3306 of the Civil Code of Georgia, to secure a loan of two thousand dollars, this day made by said grantees to said grantor, evidenced by a series of forty (40) notes, each for fifty ($50.00) dollars. . . It is understood between the party of the first part and the party of the second part that this security deed is given subject to a security deed in the sum of three thousand ($3000.00) dollars, and this security deed is given as part of the purchase-price of said above-described lot with premises thereon, purchased this day by the party of the first part from Burnett and Burnett. Said party of the first part paying for the said described premises by assuming the above-described three thousand ($3000.00) dollar loan and executing the above-mentioned notes to the amount of two thousand ($2000.00) dollars." The paper was signed by R. E. Farr, not under seal, and was attested as deeds are required by law to be attested. The paper was filed for record in the office of the clerk of the superior court at 12 o'clock April 6, 1925, and duly recorded April 8, 1925.

On April 6, 1925, Claude T. Burnett delivered the paper and notes to the Citizens and Southern Bank with a written transfer as follows: "State of Georgia, Richmond County. Assignment of Mortgage. For value received we hereby sell, assign, transfer and set over unto The Citizens and Southern Bank, its successors and assigns, that certain mortgage deed executed by R. E. Farr and dated 4/3/25, and recorded in Book 10K, folio 446-447, of the records of Richmond County, State of Georgia, and also the debt in said mortgage described and thereby secured, together with all our right, title, and interest in and to said mortgage, the property therein described, and the debt thereby secured; with all the rights, powers, and privileges given to us in and by said mortgage

deed. Witness our hand and seal at Augusta, Georgia, this 6th day of April, 1925." This instrument was signed "Burnett & Burnett by Claude T. Burnett (L. S.)," and was attested as deeds are required by law to be attested; but it was never recorded. E. Stanley Burnett did not actually have any interest in the land or the notes. On April 7, 1925, Claude T. Burnett executed to Mrs. Lillie A. Brigham a security deed purporting to convey the land described in the foregoing paper, as security for a loan of $3500. The deed was filed for record April 7 and actually recorded April 8, 1925. On May 1, 1925, Claude T. Burnett entered into a written contract of sale with Pearl R. Quinn, purporting to sell the same property subject to the above-mentioned security deed to Mrs. Brigham, for the consideration therein expressed, a part of which was acknowledged to have been paid. The contract was signed by both parties, legally attested, and filed for record May 2, 1925, and actually recorded May 5, 1925. On May 5, 1925, Claude T. Burnett executed to Bryson Crane a security deed purporting to convey the same property as security for a loan of $1045. This deed was filed for record May 15, 1925, and actually recorded May 22, 1925.

On May 13, 1926, the Citizens and Southern Bank instituted an equitable suit against Claude T. Burnett, R. E. Farr, Mrs. Lillie A. Brigham, Mrs. Pearl R. Quinn, and Bryson Crane, seeking to recover, first, a general judgment against R. E. Farr and Claude T. Burnett for the amount of the purchase-money notes and for a lien on the property; second, to set aside the contract between Claude T. Burnett and Pearl R. Quinn; third, to have the petitioner's rights and lien under the contract between Burnett and Farr and the transfer thereof from Burnett to petitioner "decreed to be a superior right and lien against said property, as against" all the defendants. The petition alleged all that is stated above, and what is stated in headnote 6. The defendants other than Burnett filed general demurrers, each of which was sustained. The plaintiff excepted.

*Paul T. Chance,* for plaintiff.

*W. D. Lanier, A. R. Williamson, Callaway & Howard, E. Foster Brigham,* and *Abram Levy,* for defendants.