## WARD v. PARKS.

HINES, J. 1. Where on the hearing of an application for an interlocutory injunction the judge overrules objections urged by the defendant to an amendment offered by the plaintiff to his petition, and hears and overrules general and special demurrers to the petition, and grants such injunction, the defendant can except to said rulings and seek to review them in one bill of exceptions; and a motion to dismiss the writ of error, which was sued out within twenty days from the date of said rulings, upon the ground that, the writ being a fast one, none of such rulings were such as could be reviewed, is without merit. *Carolina Portland Cement Co.* v. *Walker Roofing Co.,* 163 *Ga.* 33 (135 S. E. 503).

(*a*) In equity causes, where extraordinary relief is sought, the trial court may pass upon and determine all demurrers in such causes at any interlocutory hearing, even before the appearance term. Acts 1925, p. 97; 13 Park's Code Supp. 1926, § 5630. When the trial judge passes upon and overrules a demurrer to a petition at such hearing, his judgment is reviewable under the Civil Code, § 6152. His judgment granting a temporary injunction is reviewable under § 6153. Both judgments can be reviewed in one bill of exceptions, when it is sued out in proper time.

(*b*) Applying the above rulings, the motion to dismiss is denied.

2. Where the owner of two adjoining lots sells one of them under an agreement that he will not erect upon the other any building within five feet of the dividing line of the lots, such an agreement will bind subsequent grantees of the latter lot with notice of the agreement, whether named or not in any instrument of conveyance under which such grantees claim title to the latter, and although there is no privity of estate between the maker of such agreement and the person who violates it. *Rosen* v. *Wolff,* 152 *Ga.* 578 (110 S. E. 877); *Renfroe* v. *Alden,* 164 *Ga.* 77, 80 (137 S. E. 831).

3. The petition in this case sets up a valid restrictive agreement between the owner of these two lots and the first purchaser from him of one of them, and alleges that the purchaser of the other lot acquired title thereto with notice of this restrictive agreement. Under these allegations the petition set forth a cause of action, and the trial judge did not err in overruling the general demurrer. Certain grounds of special demurrer, if originally meritorious, were met by an amendment to the petition, and the other grounds were without merit. This being so, the trial court did not err in overruling the grounds of the special demurrer.

4. The petition alleged that the defendant acquired title to his lot with notice of this building restriction. In his answer the defendant denied this allegation. On the hearing of the application for a temporary

Appeal and Error, 3 C. J. p. 461, n. 57, 59; p. 484, n. 19; p. 561, n. 10; 4 C. J. p. 224, n. 40.
Deeds, 18 C. J. p. 397, n. 55.
Injunctions, 32 C. J. p. 206, n. 63; p. 319, n. 31.
Pleading, 31 Cyc. p. 322, n. 22; p. 466, n. 32.
Vendor and Purchaser, 39 Cyc. p. 1722, n. 41.

injunction there was no proof of personal notice to the defendant of this building restriction, and in his testimony he denied all notice thereof. The plaintiff introduced in evidence a bond for title from Horwitz to Bowen to the lot of the defendant, and an agreement between Bowen and the plaintiff touching the establishment of an alley between these two lots. The bond for title contains the building restriction. It was recorded October 7, 1916, with this entry on its face: "This bond for title surrendered and canceled," dated August 5, 1916, and signed by the obligee therein. The clerk, on October 7, 1916, entered upon the face of the record of the bond that it was satisfied. The above agreement, establishing an alley between these lots, recited the existence of such restriction, and was recorded April 2, 1918. Plaintiff contends that the record of these instruments was constructive notice to the defendant of this building restriction. It does not appear from the pleadings or evidence that the defendant claims title to his lot either under the obligee or under either of the parties to the agreement establishing the alley between these lots. *Held:*

(*a*) Every bond for title, bond to reconvey, contract to sell or convey realty or any interest therein, and any and all transfers or assignments thereof shall be filed and recorded in the office of the clerk of the superior court of the county where the land referred to therein lies. The filing and recording of any of said instruments may be made at any time, but such instruments lose their priority over subsequent instruments of the above character or deeds from the same vendor, obligor, transferor, or assignor, which may be executed subsequently but previously filed for record, and taken without notice of the former instrument. Acts 1921, pp. 157, 158; 9 Park's Code Supp. 1922, § 4215 (1).

(*b*) But the record of such instruments is not constructive notice to a purchaser of land thereby affected, where he does not claim under the holder or some assignee thereof. *Felton* v. *Pitman,* 14 *Ga.* 530; *Coursey* v. *Coursey,* 141 *Ga.* 65, 68 (80 S. E. 462); *Hinton* v. *McBride,* 147 *Ga.* 603 (95 S. E. 1); *Hancock* v. *Gumm,* 151 *Ga.* 667 (3) (107 S. E. 872, 16 A. L. R. 1003).

5. Applying the principles just announced, the evidence failed to sustain the allegation.that the defendant acquired title to his lot with notice of this restrictive agreement; and the judge erred in granting the injunction.                    *Judgment reversed. All the Justices concur.*

No. 6311.   MARCH 14, 1928.

Injunction.  Before Judge Hutcheson.  DeKalb superior court. October 1, 1927.

Parks filed his petition for an injunction against Ward, making this case:  On July 28, 1914, Richard Horwitz sold to petitioner a described lot on Washington street in the city of Atlanta, which Horwitz held under bond for title from Jennie C. Myers. He transferred his bond for title to petitioner.  Horwitz owned the lot adjoining the one which he held under said bond for title. In selling said lot to petitioner, and as a part of the consideration

moving petitioner to buy his interest therein, Horwitz agreed to impose on the adjoining lot a building restriction by which he and those under him would not erect on the adjoining lot any building within five feet of the boundary line between the two lots. In pursuance of said bond for title and its transfer, the executors of Jennie C. Myers conveyed by deed to petitioner the lot so purchased from Horwitz. This deed and the transfer of the bond were recorded. On November 16, 1914, Horwitz sold to Avie A. Bowen his lot adjoining the one he sold to petitioner, and executed to her his bond for title (recorded October 7, 1916), containing a provision that no building should be erected thereon nearer than five feet from the dividing line between it and the lot of petitioner. On August 5, 1916, Avie A. Bowen made and signed on said bond this entry: "This bond for title surrendered and canceled." On the same day the clerk of the superior court entered on the record of said bond that it was satisfied. On April 1, 1918, Avie A. Bowen and petitioner entered into an agreement to establish an alley between said lots. This agreement recites that the lot of Ward had "a building restriction on the north side thereof of five (5) feet to the entire depth of one hundred ninety-five (195) feet." This agreement was recorded on April 2, 1918. Ward took his lot with full notice of this building restriction. In violation thereof he is erecting a building within three and one half feet of the dividing line between petitioner's lot and his lot. Said building is not yet completed. The work of erecting it was begun on September 14, 1927, when petitioner reminded Ward of the building restriction and requested him not to build said house closer than five feet to his lot. Ward refused to comply with this request.

Ward demurred generally upon the grounds that the petition set forth no cause of action or for equitable relief; that it does not allege his insolvency; that petitioner relies upon an oral agreement between himself and Horwitz; and that no restrictions appear in any deed of conveyance of said property in question. The defendant demurred specially upon grounds that were met by amendment; and specially to the allegation that the restrictive agreement was a condition and part of the consideration of the purchase of his lot from Horwitz, upon the ground that it was irrelevant. The court overruled the demurrer, and the defendant excepted.

In his answer Ward alleged that he purchased his lot from Charles D. Toney, on April 21, 1925; that his deed is recorded; that he went into possession of his lot with no notice whatever of any building restriction; that at the time he purchased there was already on his lot a two-story frame building about twelve inches from the dividing line between his lot and that of petitioner, erected in 1918; that neither plaintiff nor any other person at any time made any complaint or objection to the location of said building, which was within five feet of said line, and the stairway which led to the upper story was twelve inches from said line; and that the building which Ward had begun to erect on his lot was located 4.2 feet from said line.

On the hearing each party introduced evidence tending to establish his allegations. The evidence for the defendant further tended to show that Avie A. Bowen acquired title to the lot owned by defendant, without any restrictions whatever in her deed as to building within five feet of the dividing line between her lot and that of petitioner. Early in 1918 Avie A. Bowen improved her lot by constructing on the front an apartment-house, and on the back for the use of tenants a two-story building to be used as a garage for automobiles and for servants' rooms. This structure was built within a few inches of the dividing line between the two lots. Petitioner constructed buildings on the back of his lot within five feet of the dividing lne, and made no objection to the erection of said two-story building by Avie A. Bowen. Charles D. Toney bought this property in 1922.

The court granted an injunction restraining the defendant from erecting his building within five feet of the boundary line between the lots. To this judgment the defendant excepted. A motion to dismiss the writ of error was made, upon the ground that no ruling excepted to was such a decision as could be reviewed by a fast writ of error.

*Jones & Strother,* for plaintiff in error.

*G. B. Tidwell* and *E. E. Phillips,* contra.