## MORTGAGE GUARANTEE COMPANY OF AMERICA *et al.* *v.* ATLANTA COMMERCIAL BANK *et al.*

1. While valid against persons executing them, security deeds are postponed to all liens created or obtained and recorded prior to the actual record of the deed, unless the younger lien is created by contract and the party receiving it has notice of the prior unrecorded deed. A transfer of title held under the security deed, made to assign all interest in the debt secured and in the land as security therefor, stands upon the same basis as to execution and recordation as the deed itself. The Mortgage Guarantee Company of America, having made its loan and duly filed its security deed without actual or constructive notice of the interest of the Atlanta Commercial Bank, obtained a first lien on the property.
2. Under the facts of the case, the Mortgage Guarantee Company of America is not entitled to be subrogated to the lien held by Liebman Incorporated, paid off and discharged from the proceeds of the Mortgage Guarantee Company's loan to the Realty Sales Corporation.
3. The court erred in refusing an injunction.

No. 6352. MAY 17, 1928. REHEARING DENIED JUNE 13, 1928.

Petition for injunction. Before Judge Howard. Fulton superior court. October 4, 1924.

*Ralph Williams* and *Jones, Evins, Moore & Powers,* for plaintiff.
*Frank C. Tindall,* for defendants.

GILBERT, J. The Mortgage Guarantee Company of America et al. filed a petition against the Atlanta Commercial Bank et al., alleging that on November 14, 1925, title to described property, the subject-matter of the suit, was in L. D. Jones, subject to a prior deed to secure a debt from H. L. Hutchinson to the Realty Sales Corporation, transferred to Liebman Incorporated, on which date Jones conveyed the same by deed to secure debt to the Realty Sales

Corporation, the conveyance by Hutchinson being recorded on July 21, 1925, and the conveyance by Jones being recorded on November 18, 1925; that on February 3, 1926, Jones conveyed said property by warranty deed to said Realty Corporation, which was recorded February 11, 1926, the grantee assuming a note for $1075, to secure which the deed to secure debt had been given by Jones to said grantee; that on March 1, 1926, the Realty Corporation conveyed said property to the Mortgage Company by deed to secure debt, recorded March 19, 1926, the same being for a loan in the sum of $2800, evidenced by note of even date; that thereafter, on April 9, 1926, there was filed for record and recorded a transfer of said security deed from Jones to said Realty Corporation, the said transfer being by the Realty Corporation to the Atlanta Commercial Bank, dated December 2, 1925; that the Mortgage Company insists that its loan was made to the Realty Corporation without knowledge or notice of said transfer to said bank, and thinking that the security title evidenced by the Jones security deed to the Realty Corporation had merged in the greater title evidenced by said warranty deed between the same parties, and that the lien of the security deed from the Realty Corporation to the Mortgage Company constituted a first and prior incumbrance, else the Mortgage Company would not have made said loan; that the lien of the security deed from the Realty Corporation to the Mortgage Company took priority over the lien of the transfer to the bank by the Realty Corporation of the security deed executed by Jones; that said bank filed suit in the municipal court of Atlanta against said Jones and the Realty Corporation to foreclose the security deed transferred to the bank, and on September 6, 1927, took a judgment by default, which declared a special and prior lien against the property, which was being advertised for sale on the first Tuesday in October, 1927; that said foreclosure suit and judgment were a cloud upon the Mortgage Company's title, and the sale would be a still further cloud; and that the Mortgage Company was without remedy at law. The prayer was for injunction to prevent the sale; for decree that said lien of the bank under the transfer of the security deed Jones made to the Realty Corporation was divested by a sale the Mortgage Company had already made under a power contained in the security deed the Realty Corporation had executed to the Mortgage Company; and for general relief.

The bank answered, setting up that the indebtedness of $1075 assumed by the Realty Corporation was the same sum and indebtedness secured by said loan deed from Jones to the Realty Corporation, and at the time said warranty deed was given by Jones to the Realty Corporation the bank was the owner of the loan deed by virtue of a transfer the Realty Corporation made the bank on December 2, 1925, since which date the bank had held title to the property as security for payment of the loan represented by the deed transferred to it; that the Mortgage Company was chargeable with the notice of the public records that the Jones loan deed of November 14, 1925, was an outstanding lien, and that the note for $1075 assumed by the Realty Corporation in consideration of said warranty deed was expressly described therein as a note of November 14, 1925, which was the same note Jones gave when he gave the security deed on that date, and the Mortgage Company was chargeable with knowledge as to who owned the loan deed Jones made before he made the warranty deed, so that said Mortgage Company actually put a second loan on said property; that the loan the Mortgage Company made to the Realty Corporation was not made to pay off a prior incumbrance or with any agreement that the Mortgage Company was getting a first lien; and that the bank had obtained judgment on its lien. The bank prayed for a decree that the lien of its judgment obtained on the indebtedness secured by the loan deed of Jones transferred to it was superior to all claims of the plaintiffs; and for general relief.

Evidence was introduced by both sides, tending to substantiate the respective claims. Included therein was the following transfer introduced by defendants: "Georgia, Fulton County. The within loan deed and property covered thereby is hereby transferred, quit-claimed, and assigned unto Atlanta Commercial Bank, the undersigned conveying and demising all its right, title, and interest in and to the deed and the property covered thereby by these presents unto Atlanta Commercial Bank. In witness whereof the undersigned has attached its hand and seal this 2nd day of December, 1925. Realty Sales Corporation, by S. P. Cronheim, Vice-Pres., by W. J. Hogan Jr., Sec. & Treas.," with corporate seal affixed. The plaintiffs introduced a transcript of the minutes of a meeting of the board of directors of the Realty Corporation, in which appears the following entry: "The Vice-President announced that

the meeting was called for the purpose of authorizing the procurement from the Mortgage Guarantee Company of America a first-mortgage loan, not to exceed in the principal amount the sum of $2800 upon its property known as No. 75 Byron Drive, City of Atlanta, Fulton County, Georgia," followed by description, "in order to retire the present first mortgage loan in favor of H. L. Hutchinson upon the above-mentioned property and to raise funds for the furtherance of the aims and objects of the said Realty Sales Corporation," the said announcement being followed by entry of adoption of resolution to effectuate the same. Plaintiffs also introduced the affidavit of S. P. Cronheim, to the effect that the property that day described in a loan deed in favor of the Mortgage Company "is free and unincumbered; there are no liens on account of labor or material used in the improvement or repair of same, either recorded or unrecorded, affecting said property; there are no judgments or suits pending against it in Fulton or any other county in the State of Georgia. The lien of a loan deed this day executed by the Realty Sales Corporation to Mortgage Guarantee Company of America, a corporation of the State of Delaware, to secure a loan of $2800 is a first lien and superior to all other liens or claims for liens against the above-mentioned property. This affidavit is made by me as Vice-President of the Realty Sales Corporation, for the specific purpose of inducing Mortgage Guarantee Company of America to make the Realty Sales Corporation a first-mortgage loan of $2800, upon said corporation conveying the above-mentioned property to them as security. S. P. Cronheim," sworn before notary, with corporate and notarial seals affixed.

The court passed an order denying the relief for which plaintiffs prayed, and they excepted.

1. While valid against persons executing them, security deeds are postponed to all liens created or obtained and recorded prior to the actual record of the deed, unless the younger lien is created by contract and the party receiving it has notice of the prior unrecorded deed. Civil Code (1910), § 3307. A transfer of title held under the security deed, made to assign all interest in the debt secured and in the land as security therefor, stands on the same basis as to execution and recordation as the deed itself. *Citizens & Southern Bank* v. *Farr*, 164 *Ga.* 880 (139 S. E. 658) ; Acts 1921, pp. 157, 158; Code (Park) § 4215 (1), (Michie) § 4213 (1).

The failure of the Atlanta Commercial Bank to record its transfer entitles the lien of the Mortgage Guarantee Company to a priority. "When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury must bear the loss." Civil Code (1910), § 4537. The transfer by the Realty Sales Corporation of the Jones security deed to the Atlanta Commercial Bank, as shown by the evidence, was not attested by any witness. "In order to admit such [security] deeds or bills of sale to record, they shall be attested or proved in the manner now prescribed by law for mortgages." Civil Code, § 3308. Accordingly, the transfer shown in this case was not entitled to be admitted to record, and was legally insufficient to convey the legal title to the bank so as to affect the rights of the Mortgage Guarantee Company. Waiving this, however, such transfer was not filed for record or recorded until after the record of the security deed which said corporation made to the Mortgage Guarantee Company. Consequently the lien of the bank, under the Code section cited above, must be postponed to the lien of the Mortgage Company. *Citizens & Southern Bank* v. *Farr,* supra, headnotes 4, 5. Compare *Cross* v. *Citizens &c. Co.,* 160 *Ga.* 647 (128 S. E. 898). The security deed from Jones to the Realty Sales Corporation was transferred to the Atlanta Commercial Bank on December 2, 1925. The warranty deed from Jones to said corporation, dated February 3, 1926, was filed for record on February 9, 1926. The security deed from the corporation to the Mortgage Company was executed and dated March 1, 1926, and recorded March 19, 1926, subsequently to the transfer of the Jones security deed from the Realty Sales Corporation to said bank, but prior to the filing for record of such transfer. Therefore, as between the parties to the transfer, the realty corporation did not own the security deed executed by Jones to it at the time it received the warranty deed from Jones, but the Mortgage Company, from an inspection of the records, could not ascertain that fact, and would necessarily have assumed the contrary. The failure of the Atlanta Commercial Bank to record its transfer until April 9, 1926, subsequently to the date of the loan deed by the Mortgage Company and filing for record of same, contributed to the deception on the part of the realty corporation. Had the transfer been promptly filed for record, the bank would have safely protected its own in-

terest, and would at the same time have warned the Mortgage Company. This would have prevented the fraud practiced by the Realty Corporation, and would have enabled the mortgage company to protect its interest against the deception practiced upon it. The sworn answer of the bank was introduced in evidence, and contains the following: "Mortgage Guarantee Company of America was charged with notice from the real-estate records in the office of the clerk of Fulton superior court that the loan deed from L. D. Jones to Realty Sales Corporation, dated Nov. 14, 1925, was an outstanding lien against the real estate herein described; that said loan deed was open on the records; that the warranty deed from L. D. Jones to Realty Sales Corporation expressly stipulated that Realty Sales Corporation assumed the payment of a note dated Nov. 14, 1925, in the amount of $1075, which is the note secured by said loan deed; and that said Mortgage Guarantee Company of America had actual knowledge of these facts at the time that it took a loan deed from Realty Sales Corporation on March 1, 1926, and that said Mortgage Guarantee Company of America was charged with the duty of investigating and determining who was the owner of the loan deed from L. D. Jones to Realty Sales Corporation, which was dated Nov. 14, 1925, and transferred to this defendant on December 2, 1926; and that if Mortgage Guarantee Company of America had investigated to ascertain who was the holder of said loan deed, it would have discovered that this defendant was the owner thereof at said time. This defendant further avers, that, knowing that it had a first lien on said real estate by virtue of said loan deed, Mortgage Guarantee Company put another loan on said property, which was a second loan."

The averment in the answer that the mortgage company had notice of the Atlanta Commercial bank's lien, we construe, in connection with the entire answer and the evidence in the case, as a mere conclusion, except in so far as it may refer to constructive notice by recordation. We have already indicated that the records did not furnish notice of the transfer to the mortgage company. It appears from the evidence without dispute, except as the excerpt from the answer quoted may be a conflict, that the Mortgage Company did all it could and all the law required it to do to ascertain the facts. Its officers and attorneys examined the public records where liens were required to be recorded and found no evidence of

such transfer. Moreover, besides what the minutes of the realty corporation show in regard to the transaction, the mortgage company, as an inducement to make the loan, held the affidavit of the vice-president of the Realty Corporation already quoted. This affidavit stated positively that there were no incumbrances, recorded or unrecorded, and that the Mortgage Company in making the loan would obtain a first lien. Surely, in the ordinary and honest conduct of business affairs, no further precautions should have been necessary. In addition, the examiners of the records for the Mortgage Company observed thereon a statement that the debt for which the security deed from Jones to the realty corporation had been given had been fully paid and that the clerk of the superior court was authorized to mark the·same satisfied of record, signed by the Realty Corporation by its vice-president, Cronheim, under seal. It is true that across this statement were several pencil marks, and it is argued that this was notice to the mortgage company that the debt was still outstanding and not satisfied. Pencil marks across the record, to say the least, are unusual, especially where the record, as in this case, afforded no explanation and showed no authority for placing the marks there. Conceding, however, that the pencil marks showed the entry of satisfaction to be erroneous and to be disregarded, the only conclusion would be that the debt was still outstanding in favor of the Realty Corporation. The evidence demanded a finding that the Mortgage Company had no notice, actual or constructive, that the Atlanta Commercial Bank held any lien on the property in question.

2. The Mortgage Company insists that under the facts of the case it is entitled to be subrogated to the lien held by Liebman Incorporated, paid off with the proceeds of the loan made by the Mortgage Company to the Realty Corporation. The evidence shows unequivocally and without conflict that the Liebman lien, which, until paid, was the first lien on the property involved, was paid off by the proceeds of this loan. Furthermore, it is shown without dispute by the minutes of the Realty Corporation that the loan was sought and procured for the purpose of discharging the Liebman lien. It is shown by the affidavit of the vice-president of the Realty Corporation. Nevertheless we are of the opinion that no subrogation will be implied. The subject of subrogation has been elaborately and learnedly discussed in *Wilkins* v. *Gibson,* 113 *Ga.* 31,

47 (38 S. E. 374, 84 Am. St. 204), a case frequently followed.
After a lengthy discussion of the question, the conclusion reached,
so far as is applicable here, is as follows: "We think the safer and
better rule to be, and we therefore hold, that subrogation will arise
only in those cases [1] where the party claiming it advanced the
money to pay a debt which, in the event of default by the debtor,
he would be bound to pay, or [2] where he had some interest to
protect, or [3] where he advanced the money under an agreement,
express or implied, made either with the debtor or creditor, that
he would be subrogated to the rights and remedies of the creditor.
See Ætna Insurance Co. *v.* Middleport, 124 U. S. 534 [8 Sup. Ct.
625, 31 L. ed. 537]." *Ragan* v. *Standard Scale Co.,* 128 *Ga.* 544
(58 S. E. 31) ; *Erwin* v. *Brooke,* 159 *Ga.* 683 (126 S. E. 777).
Under a proper construction of what was proved in this case, the
Mortgage Company does not fall within either of these three in-
stances.

3. The court erred in refusing an injunction.

*Judgment reversed. All the Justices concur, except Hines, J.,
disqualified, and Russell, C. J., and Atkinson, J., who dissent.*

RUSSELL, C. J., and ATKINSON, J. We dissent from the conclu-
sion drawn in the last sentence of the first headnote. The expres-
sion employed in the warranty deed from Jones to the Realty Sales
Corporation, that the grantee, said Realty Sales Corporation, "as-
sumes payment" of the notes secured by the prior security deed
from Jones to said Realty Sales Corporation, was discovered by the
attorney for the Mortgage Company while investigating the title
for the purpose of making the loan. The term "assumes payment"
does not imply that the debt has been paid. It implies that the
debt is outstanding. Having notice of this statement in the war-
ranty deed, if the attorney had inquired of the said Realty Sales
Corporation what was meant by the expression, or had demanded
to see the note, the inquiry would have led to discovery of the fact
that the note was outstanding in the hands of the bank, which was
a bona fide purchaser of the paper before maturity. In the circum-
stances the Mortgage Company was charged with notice of the trans-
fer to the bank, and the latter was entitled to priority over the
Mortgage Company. The blanket affidavit furnished by the Realty
Sales Corporation to the Mortgage Company was not sufficient to
excuse the inquiries above mentioned.

ON MOTION FOR REHEARING.

The defendant in error filed a motion for a rehearing, and among other grounds thereof is the following: "The court in its decision made the statement that the transfer of the loan deed under which movant claims was not witnessed as provided by law. Movant stated that the transfer of this loan deed was properly witnessed and this fact was proved before the trial court by producing such transfer so witnessed." By reference to the bill of exceptions, we find the transfer quoted in full without any attestation at all or the names of any witnesses, but preceding the quotation the bill of exceptions contains the words: "The defendant introduced in evidence the following *properly witnessed* [italics ours] transfer which was written on a separate sheet of paper and attached by gem clips to the above deed." It is only fair to the defendant in error to say that the writer overlooked the words, "properly witnessed," but these words amount to a conclusion, and are not sufficient to show this court that the transfer was attested or proved in the manner prescribed by law for mortgages. Moreover, the matter now called to our attention was given no weight in deciding the case. It was so stated. Nor are the other grounds of the motion sufficient to warrant the grant of a rehearing.      *Rehearing denied.*