## JACKSON *et al. v.* JACKSON *et al.*

Where a vendor executed a bond for title to land to a father and two sons, agreeing, upon the payment of the purchase-price, to convey the land to them jointly; and where such vendees between themselves agreed that the father should pay half the purchase-price and take half of the land, and that the two sons should pay the balance and take the other half jointly, and in pursuance of these negotiations the father paid a part of the purchase-price and died, leaving surviving him his said two sons and a widow and other heirs, all being of age; and where there were no debts against the estate, and all of the heirs agreed that certain of them should be substituted for the father and pay such remaining part of the purchase-price as he was bound to pay, and, upon payment of the price, should receive the one-half interest in the land which had been contracted to be conveyed to the father; and where, after the purchase-price had all been paid, the vendor refused to convey the land to the heirs so substituted, and it became necessary to institute a suit for specific performance; and where such suit was instituted by the substituted heirs and all of the other heirs at law were made parties defendant with the vendor, to the end that the interests of the substituted heirs might be asserted: *Held:* (1) that the interests of such defendant heirs are substantial and the relief sought against them is substantial, and they are not improper parties upon the ground that no substantial relief is sought against them; (2) that the relief sought against the vendor is substantial, and he is not an improper party on the ground that no substantial relief is sought against him; (3) that the venue for such a suit may be laid in the county of the residence of the vendor or in the county of the residence of any one of the heirs who agreed to the substitution and who is sought to be bound by the decree.

Submitted July 18,—Decided December 17, 1906.

Equitable petition.    Before Judge Lewis.    Morgan superior court.    September 21, 1905.

This is a petition for equitable relief.    Upon demurrer the action was dismissed upon the ground that the court to which the suit was brought did not have jurisdiction.    This is the only question for consideration.    Floyd Jackson, Robert Jackson, and Frank Jackson were the plaintiffs and filed the petition to the superior court of Morgan county.    Stovall and Few, a copartnership composed of G. B. Stovall and M. C. Few, both of Morgan county, and Sally Jackson, Henry Jackson, Elizabeth Thomas, and Fannie Williams, all of Morgan county, were made parties defendant. These defendants do not appear to have made any objection or to have made any defense.    In addition to the defendants already named, there were others, to wit, Rufus Jackson, Oscar Jackson,

Sally Florence Jackson, Mary Jane Jackson, and Ellen Jackson, of Putnam county, and Pink Jackson, whose residence was alleged to be unknown. Of the defendants last named, Rufus Jackson, Oscar Jackson, Sally Florence Jackson, and Mary Jane Jackson filed their demurrer upon several grounds, the third ground being as follows: "The superior court of Morgan county has no jurisdiction in this case, for that these defendants reside in the county of Putnam, where also is located the land in controversy, and these defendants, under the allegation in the petition, are the only ones who are necessary or proper parties to the cause of action set out, and the only ones against whom any substantial relief is prayed. Stovall and Few have no personal interest in the controversy, and are at best but nominal parties. Fitzpatrick and Walton have not only no interest in the controversy but are improper parties to the case. All of the other defendants, except these demurring, are nominal parties who are doing nothing, threatening to do nothing concerning the matters complained of, and have no interest in the controversy." On hearing the demurrer, the court ordered "that it be sustained upon the 3rd ground thereof, and the action be dismissed." In the petition, the plaintiffs alleged facts substantially as follows: On the 11th day of December, 1896, Arch Jackson and his two sons, Rufus Jackson and Oscar Jackson, made a contract to buy from the defendants, Stovall and Few, a certain lot of land lying in Morgan county, for the sum of $1,483.86, and received a bond for title by virtue of which Stovall and Few agreed to convey to the said Arch and Rufus and Oscar Jackson the property upon the payment of the balance of the purchase-price. At the time of the making of this purchase it was agreed between all of the contracting parties that Stovall and Few should convey to Arch Jackson one half of the land separately, and that they should convey the remaining half to the said Oscar and Rufus Jackson jointly. After the making of the contract Arch Jackson paid to Stovall and Few $100 as part of the purchase-money on said land, and after having made such payment Arch Jackson, during the year 1897, died, leaving as his heirs-at-law his widow, the said Ellen Jackson, one of the defendants, and ten children, comprising the three plaintiffs, as already named, and the defendants, Sally Jackson, Henry Jackson, Elizabeth Thomas, and Fanny Williams, and also the defendants, Rufus Jackson, Oscar Jackson, and Pink

Jackson. After the death of their father, all of the heirs above mentioned, being above the age of 21 years, agreed among themselves that petitioners should "take their father's place in the purchase of said land," and "should pay the said Stovall and Few one half of the purchase-price of said land, and the said Rufus and Oscar Jackson should pay one half of said purchase-price of said land, and that when said land was fully paid for, Stovall and Few should make a deed to said land conveying said land so purchased, one undivided one half thereof to petitioners, and the other one undivided one half interest thereof to the said Rufus and Oscar Jackson, so that the said Rufus Jackson and the said Oscar Jackson should each own a one undivided one fourth interest in and to said land, and that your petitioners should each have and own a one undivided one sixth interest in said land so purchased." The petitioners entered upon said land and cultivated a portion of it for several years, and the said Rufus and Oscar occupied and cultivated the other portion. It was further alleged that the petitioners paid one half of the purchase-price as it became due under said contract, and that all the purchase-money had been fully paid, so that the matter was ripe for the execution of the deed. On the 3rd day of March, 1900, Rufus Jackson and Oscar Jackson attempted to transfer and assign said bond for title to said land to their wives, the defendants Sally Florence Jackson and Mary Jane Jackson. This attempted transfer of said bond for title was illegal, because it was made for the purpose of defrauding petitioners and the creditors of the said Oscar and Rufus Jackson; and the said Oscar and Rufus Jackson had only a one half interest in said bond for title, which fact was well known to the said Sally Florence and Mary Jane Jackson and the said transfer to the said wives was without consideration. After all the purchase-money had been paid, and after all the purchase-money notes had been taken up and canceled, Sally Florence Jackson and Mary Jane Jackson presented the bond for title to Stovall and Few and demanded that a deed to the land be executed to them. Stovall and Few rightfully refused to do so, stating that they could not make a deed to said land to any other than the ones to whom the bond for title was given. The plaintiffs had notified Stovall and Few of their interest in the land and requested them not to make a deed to Sally Florence Jackson and Mary Jane Jackson, but demanded that they make a deed to petitioners to an undivided

one-half interest in the land, which latter request Stovall and Few refused and still refuse.    In 1904, Fitzpatrick and Walton of Morgan county had an execution issued from the county court of Putnam county in favor of Fitzpatrick and Walton against Rufus and Oscar Jackson, and levied upon the land as the property of Rufus and Oscar Jackson.    Sally Florence and Mary Jane Jackson filed a claim to the land, and the claim is now pending.    Petitioners are afraid that if a court of equity does not take charge of the case and decree a specific performance of the contract, Stovall and Few will make a deed and convey the land to said Sally Florence and Mary Jane Jackson, or that Rufus Jackson and Oscar Jackson and Sally Florence and Mary Jane Jackson will transfer said bond to some other person, and petitioners will be left without a remedy.    Rufus and Oscar Jackson and their wives are insolvent.    Arch Jackson owed no debts at the time of his death which were not paid by his said heirs.    The prayers were, among other things, that Stovall and Few be required to execute a deed to the described land, conveying one undivided one-half interest to petitioners, and conveying the other one undivided one-half interest to Rufus Jackson and Oscar Jackson; that all the other defendants, herein named as heirs of Arch Jackson, be required to come into court and set up their claim to the land, if any they have; and that the plaintiffs have such further relief in the premises as equity may decree.

*George & Anderson,* for plaintiffs.

*Turner & Adams* and *M. C. Few,* for defendants.

ATKINSON, J.    Under the ruling of the court it is only necessary to consider whether or not the venue was properly laid in Morgan county.    The case is an equitable cause wherein it is sought to require the specific performance of a contract for the sale of land, and in connection therewith to fix the rights of various parties relating thereto.    It will be noticed that the only contending defendants are the widow, Ellen Jackson, and the two sons, Oscar Jackson and Rufus Jackson, with their wives, all of whom are shown to reside in the county of Putnam.    These defendants contend that they are the only defendants against whom substantial relief is prayed, and for that reason the court of equity in Morgan county has no jurisdiction.    The court, in dismissing the suit on demurrer, took this view of the case and dismissed it upon the ground contended for.    Our learned brother was in error.    Stovall and Few,

the vendors, were residents of Morgan county, were necessary parties, and substantial relief was prayed against them. They were the makers of the bond for title, and it was sought to require them to execute a deed to the plaintiffs. The defendants Sally Jackson, Henry Jackson, Elizabeth Thomas, and Fannie Williams resided in Morgan county, and they were likewise parties against whom substantial relief was prayed. It will be remembered that their father, Arch Jackson, was one of the purchasers of the land and had paid a part of the purchase-price, and the Morgan county heirs, who have just been named, entered into a contract with the plaintiffs in this case, by which whatever interest they might have as heirs-at-law of Arch Jackson should go to the plaintiffs and the said Oscar and Rufus, provided they should pay the balance of the purchase-price and thereby relieve the estate from the obligation. Stovall and Few would act at their peril if they attempted to convey the land to any of the heirs, unless all should become precluded by judgment or in some other way. Recognizing this, they were refusing to act until required to do so. The case is one peculiarly for equity jurisdiction, and in order to obtain complete relief the Morgan county defendants were necessary parties and the relief against them was substantial. Under the familiar rule that a suit in equity may be brought in any county where a defendant resides against whom substantial relief is prayed, the venue of this case was properly laid in Morgan county. Civil Code, §§ 4950, 5871.

*Judgment reversed. All the Justices concur.*