### RUFF *v.* COPELAND.

BECK, J. 1. In this suit, besides his answer and plea in bar, the defendant filed a plea to the jurisdiction of the superior court of Haralson county, in which court the case was pending, averring that that court did not have jurisdiction of the case, because it did not have jurisdiction of the person; it being alleged in the plea to the jurisdiction, that Haralson county was not the county of his residence, but that before coming to Haralson county his domicile had been in Cobb county, that he had not changed his residence or his domicile from Cobb to Haralson county, and that he was, at the time of the trial and at the time of the commencement of the suit, a resident of the county of Cobb in the State of Georgia. A jury was impaneled to try this issue, and the judge directed a verdict against the plea to the jurisdiction, the jury finding accordingly. *Held,* that the issue made by the plea to the jurisdiction should have been submitted to the jury, as the evidence of the defendant tended to show that prior to the commencement of the suit the defendant had been a resident of Cobb county, and that he had not at any time prior to the trial removed his domicile to Haralson county. While there was ample evidence to authorize the jury to find that before the commencement of the suit, the defendant had changed his domicile from Cobb to Haralson county, the defendant's own testimony made an issue as to that question; and the court should not have directed a verdict, but should have submitted the issue to the jury under proper instructions.

2. After a verdict was directed against the plea to the jurisdiction, as recited above, the case proceeded to a trial, resulting in a verdict for the plaintiff, and the defendant brought the case here to review certain rulings of the court pending a trial on the merits, as well as to review the alleged error in directing a verdict against the plea to the jurisdiction. Having held that the court erred in directing a verdict and as a new trial is granted as to that issue, exceptions to other rulings made pending the trial will not be passed upon; for if, upon a proper submission to a jury of the question of jurisdiction in Haralson county, the plea setting up a want of jurisdiction should be sustained, the case would necessarily have to be brought in another jurisdiction, and all of the questions made by the defendant's answer and plea to the merits of the plaintiff's case would have to be tried anew.

*Judgment reversed. All the Justices concur.*
JUNE 12, 1914.

Equitable petition.  Before Judge Edwards.  Haralson superior court.  January 23, 1913.

*George F. Gober, I. N. Cheney*, and *Frank L. Neufville*, for plaintiff in error.

*C. E. Roop* and *Griffith & Matthews*, contra.