CAROLINA PORTLAND CEMENT COMPANY *et al. v.* CHARLES N. WALKER ROOFING COMPANY *et al.*

HILL, J. 1. The motion to dismiss the writ of error in the Supreme Court is without merit. *Powell* v. *State,* 152 *Ga.* 81 (108 S. E. 464); *Moore* v. *Adams,* 153 *Ga.* 709, 712 (113 S. E. 383, 23 A. L. R. 925).

2. The court did not err in overruling the demurrers, nor in granting the temporary injunction. While there are separate exceptions to the overruling of the demurrers and to the grant of the injunction, the grant of the injunction necessarily implies that the trial judge considered the petition as being good as against a general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 5376. OCTOBER 14, 1926. REHEARING DENIED NOVEMBER 25, 1926.

Injunction. Before Judge Humphries. Fulton superior court. March 3, 1926.

The Charles N. Walker Roofing Company filed suit against W. E. Barfield, alleging that the defendant was indebted to it in the sum of $150 for material furnished in the construction of a house built on a designated lot of land; that the defendant was insolvent; that petitioner had obtained a materialman's lien on said property to secure the amount due; that there were a number of other creditors, some of whom were named and others were unknown; that certain designated creditors held liens against the

---

Appeal and Error, 3 C. J. p. 355, n. 62.

Injunctions, 32 C. J. p. 341, n. 93.

property, among them two creditors holding security deeds, to wit, the Carolina Portland Cement Company and Mrs. A. E. Richardson, and these two had filed suits in the municipal court of Atlanta to foreclose their liens on the property; that the house was vacant, and, by reason of the fact that it encroached upon the land of an adjoining-property owner, Barfield had been unable to obtain a loan, or otherwise raise money with the property as security; that the defendant consented to the appointment of a receiver, because it was necessary for some one to have possession and control of the property to prevent injury thereto; that the property would not bring enough, under the circumstances stated, to pay off all of the amounts due to creditors; that if each of the creditors sought separate remedies there would be a multiplicity of suits; and that the creditors had no adequate remedy at law. It was prayed that a receiver be appointed to take charge of the property; that the Carolina Portland Cement Company and Mrs. A. E. Richardson be enjoined from further prosecuting their suits in the municipal court of Atlanta; that all parties be required to come into the superior court; and that the interests of all be adjudicated in this suit. The Carolina Portland Cement Company and Mrs. Richardson filed general demurrers, which were overruled, and they excepted. They excepted also to the grant of a temporary injunction. No evidence was introduced, and the judge passed upon the case on verified pleadings.

On the call of the case in the Supreme Court the defendants in error moved to dismiss the bill of exceptions, on the grounds: (1) That "plaintiffs in error are not permitted to unite in filing a single bill of exceptions in this cause, and that this case has not been properly brought to the Supreme Court of Georgia, and that said court has no jurisdiction to entertain a joint writ of error brought in this manner, but that plaintiffs in error should have filed separate bills of exception." (2) "In their bill of exceptions, plaintiffs in error assign error upon the overruling by the court of their general demurrers filed to the amendment to the creditor's bill for receiver and injunction in this cause. The Supreme Court will not review such assignments of error on a fast bill of exceptions." (3) "Plaintiffs in error further assign error in their bill of exceptions upon the refusal of the court to grant their motion to dissolve the injunction issued against them on January

27, 1926. Such an assignment of error will not be reviewed by the Supreme Court upon a fast bill of exceptions, but will be dismissed."

*William G. Grant,* for plaintiffs in error.

*T. B. Higdon, W. O. Slate,* and *W. M. Everett,* contra.