WRIGHT *v.* TRAMMELL *et al.*

No. 9000.   DECEMBER 13, 1932.

*McDaniel, Neely & Marshall* and *W. N. Baird,* for plaintiff.

*W. O. May, H. C. Holbrook, J. M. Simonton,* and *W. O. Wilson,* for defendants.

ATKINSON, J. The first and third headnotes do not require elaboration.

In the instant case the petition on demurrer must be construed most strongly against the petitioner. The sole specific prayer against the resident defendant McNesser was for damages, and, considered in connection with the prayer for general relief, neither one nor both was a prayer for substantial equitable relief against that defendant. As to him the suit was purely one at law, and did not involve any substantial equitable relief. Neither did the petition. allege a cause of action for substantial equitable relief against the resident defendant Wilson. The allegation that "it was agreed," employed in relation to reduction of the outstanding loan which the petitioner assumed as part payment for the land, was not a charge that Mrs. Trammell was a party to the agreement, nor did the allegations on that subject show an irrevocable deposit of the $150 in the hands of Wilson, or that it was being asserted by Wilson against the petitioner, nor was there any other charge connecting Mrs. Trammell with that transaction. The substantial equitable relief sought was cancellation of the outstanding notes executed by petitioner to Mrs. Trammell and the deed to Mrs. Trammell securing such notes, in none of which was it alleged that either

of the resident parties defendant was interested as transferee or otherwise. On the whole, there was no such equitable relief prayed against either of the resident defendants as would draw to the jurisdiction the non-resident defendant, for the equitable relief prayed against her. The judge did not err in sustaining the ground of demurrer which raised the question of jurisdiction, and in dismissing the action as to the demurrant. In this view it becomes unnecessary to deal with other grounds of the demurrer.

*Judgment affirmed. All the Justices concur.*