CONE *v.* DAVIS, trustee, *et al.*

750

No. 10227.   November 17, 1934.

*Ellis L. Cone* and *J. D. McLamb,* for plaintiff.

*Watkins, Asbill & Watkins, Alston, Alston, Foster & Moise, Henry J. Miller,* and *Allan Watkins,* for defendants.

Bell, J.   Ellis L. Cone filed in Fulton superior court a suit for injunction and other equitable relief against Henry M. Davis, trustee, of Chatham County, and H. P. McLain, Jones Machinery Company, and Citizens and Southern National Bank, of Fulton County.  McLain was not served.  Davis, trustee, filed a demurrer in which it was insisted that the petition did not state a cause of action; and that it appeared from the face of the petition that if any suit can be maintained upon the alleged cause of action, it should be brought in Chatham superior court, for the reason that the demurrant, a resident of that county, was the only party against whom any substantial relief was prayed.  At the interlocutory hearing the judge deferred passing upon the demurrer until after the introduction of evidence.  Two orders were then passed; one sustaining "the grounds of the general demurrer" and dismissing the petition, and the other denying an injunction.  The plaintiff excepted.

The petition alleged substantially the following facts: Davis, trustee, employed McLain as an attorney at law to collect a claim from Jones Machinery Company.  The machinery company paid the claim by a check made payable to the order of Davis.  The check was drawn upon the Citizens and Southern National Bank, which certified the check on the request of McLain, who then indorsed the name of his client, Davis, on the back of the check by himself as agent.  After this, the plaintiff indorsed the check as an accommodation to McLain, in order that he might obtain the cash thereon.  McLain failed to account to Davis, his client, but embezzled the proceeds and absconded.  McLain was the duly authorized agent of Davis to indorse the check, and the loss should

751

fall upon Davis. Davis, however, has repudiated the authority of his agent and attorney, and has made demand on the Citizens and Southern National Bank for payment of the check; and the bank, unless restrained by a court of equity, will comply with such demand, and will thereafter seek a reimbursement from the plaintiff because of his indorsement. If the Citizens and Southern National Bank should pay the check and obtain a reimbursement from the plaintiff, it would follow that the plaintiff would have a cause of action over against Davis upon the indorsement by McLain, his agent. In the circumstances a circuity of actions will result unless a court of equity should take jurisdiction and grant an injunction to maintain the status and to determine the rights of all parties in a single action. The plaintiff has no adequate remedy at law. The prayers were for injunction against Citizens and Southern National Bank and Henry M. Davis, to prevent the former from paying and the latter from receiving payment of the check in question; and for process and general relief.

The court did not err in sustaining the demurrer and dismissing the petition; and it necessarily follows that it was not error to refuse an interlocutory injuction. The headnotes do not require elaboration.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*