KINNEY *v.* CROW, next friend, *et al.*

No. 12466.   OCTOBER 11, 1938.

R. C. Jenkins, Ryals, Anderson & Anderson, and D. D. Veal, for plaintiff in error.

Edward F. Taylor, Jones, Jones & Sparks, and S. T. Wingfield Jr., contra.

BELL, Justice. ■ In the bill of exceptions two orders are assigned as error: (1) the order overruling the demurrer to the petition, and (2) the order continuing in force the restraining order "as a temporary injunction." The last mentioned order is properly construed as a grant of interlocutory injunction. *Jones* v. *Warnock*, 67 *Ga.* 484; *Mayor &c. of Savannah* v. *Grayson*, 104 *Ga.* 105, 108 (30 S. E. 693); *Carolina Portland Cement Co.* v. *Charles N. Walker Roofing Co.*, 163 *Ga.* 33 (135 S. E. 503); *Ramsey* v. *Ramsey*, 175 *Ga.* 685 (165 S. E. 624). The question has been raised as to whether this court has jurisdiction on the single writ of error to consider and review both of these orders, especially the order overruling the demurrer to the petition. Under the facts of the case, this question must be answered in the affirmative. The bill of exceptions was certified within twenty days from the date of each of such orders, and it was received and filed in this court on June 11, 1938, before the close of the docket for the April term. Code, §§ 24-3801, 24-4533. By an amendment to the constitution, ratified in 1916, it was provided that "All writs of error in the Supreme Court or the Court of Appeals, when received by its clerk during a term of the court and before the docket of the term is by order of the court closed, shall be entered thereon, and when received at any other time, shall be entered on the docket of the next term; and they shall stand for hearing at the term for which they are so entered, under such rules as the court may prescribe, until otherwise provided by law." Code, §§ 2-3009, 6-1101. On October 14, 1919, the following order was passed by this court: "Because of the constitutional amendment of 1916, which in effect makes all cases brought to this court of the character of fast writs so far as relates to the hearing of the same, Rule 26, providing for the advancement of cases, is revoked." 149 *Ga.* 837. For a statement of the rule thus abolished, see Civil Code of 1910, § 6245.

By an act of the General Assembly approved August 25, 1925, it was declared: "In equity causes, . . where extraordinary relief is sought, the trial court may hear, pass upon and determine all demurrers in such causes at any interlocutory hearing before the appearance or first term." Ga. L. 1925, p. 97; Code, § 81-1002. In the instant case both of the orders complained of were entered at interlocutory hearing, and, as indicated above, the bill of exceptions was certified within twenty days from the date of each of such orders. The bill of exceptions was thus certified in time, whether it be considered as a fast or as an ordinary bill of exceptions. Code, §§ 6-902, 6-903. Since the adoption of the constitutional amendment of 1916 and the passage of the act of 1925, the defendant could except to both of "said rulings and seek to review them in one bill of exceptions." *Ward* v. *Parks,* 166 *Ga.* 149 (142 S. E. 690) ; *Carolina Portland Cement Co.* v. *Walker Roofing Co.,* supra. Accordingly, there is no merit in the contention that the Supreme Court has no jurisdiction on this writ of error to consider the exception to the order overruling the demurrer to the petition. Decisions to the contrary, rendered before the change in the law indicated above, are no longer in point; but, as shedding light upon the present question, see *Ivey* v. *Rome,* 126 *Ga.* 806 (3) (55 S. E. 1034) ; *Purdom Naval Stores Co.* v. *Knight,* 129 *Ga.* 590 (2) (59 S. E. 433). The constitutional amendment of 1916 necessarily superseded previous statutes and rules in conflict therewith. The conclusion here reached on the question of practice is not contrary to the rulings in *Elliott* v. *Adams,* 173 *Ga.* 312, 319 (160 S. E. 336), and *Durham* v. *Dowling,* 174 *Ga.* 557 (163 S. E. 503), referring to the time within which a bill of exceptions must be presented for certification. If anything to the contrary was held in *Daniel* v. *Chastaine,* 177 *Ga.* 730 (171 S. E. 373), or in *Pinson* v. *Beamer,* 179 *Ga.* 503 (176 S. E. 376), these decisions must yield to the earlier unanimous rulings in *Carolina Portland Cement Co.* v. *Walker Roofing Co.,* and *Ward* v. *Parks,* supra. See Code, § 6-1611; *Calhoun* v. *Cawley,* 104 *Ga.* 335 (30 S. E. 773). Under the facts appearing and the law as stated, this court has jurisdiction to consider and review both of the rulings complained of, notwithstanding they are assigned as error in a single bill of exceptions. Compare *Hunnicutt* v. *Eaton,* 184 *Ga.* 485 (191 S. E. 909).

■ "In passing upon the merits of a petition on the hearing of a demurrer, it is erroneous for the court to take into consideration facts that are not shown by the petition." *Pollard* v. *Blalock*, 147 *Ga.* 406 (2) (94 S. E. 226). To the same effect, see *Hicks* v. *Beacham*, 131 *Ga.* 89 (2) (62 S. E. 45); *Griffin* v. *Russell*, 144 *Ga.* 275 (2) (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994). Accordingly, the facts that the resident defendant filed an answer and cross-action in the nature of an interpleader, and that, all parties consenting, an order was passed allowing this defendant to pay a stated sum into court and be discharged, could not be considered in determining the sufficiency of the petition on the question of jurisdiction as raised by the demurrer of the non-resident defendant. Equity cases shall be tried in the county where a defendant resides against whom substantial *equitable* relief is prayed. Code, §§ 2-4303, 3-202; *Wright* v. *Trammell*, 176 *Ga.* 84 (166 S. E. 866). Under the allegations of the petition, the plaintiff showed no substantial equitable controversy with either of the defendants, unless with the defendant who resided in a county different from that in which the suit was filed. It did not appear that any wrong had been committed or threatened by the insurance company as against the plaintiff. If it had paid the insurance money to one who was not authorized to receive it, the plaintiff would not have been hurt. *Empire Life Ins. Co.* v. *Mason*, 140 *Ga.* 141 (78 S. E. 935); *Whitehurst* v. *Mason*, 140 *Ga.* 148 (78 S. E. 938); *Bryant* v. *Guaranty Life Ins. Co.*, 40 *Ga. App.* 573 (150 S. E. 596). In other words, the only relief sought against the insurance company, the resident defendant, was merely incidental or collateral to that prayed against Mrs. Kinney, the non-resident defendant. In the circumstances the venue was improperly laid as against Mrs. Kinney, and the court erred in overruling her demurrer. *Townsend* v. *Brinson*, 117 *Ga.* 375 (2) (43 S. E. 748); *Ellis* v. *Farmer*, 119 *Ga.* 238 (46 S. E. 105); *Railroad Commission* v. *Palmer Hardware Co.*, 124 *Ga.* 633 (3) (53 S. E. 193); *Malsby* v. *Studstill*, 127 *Ga.* 726 (56 S. E. 988); *Martin* v. *Gaissert*, 134 *Ga.* 34 (2) (67 S. E. 536); *Keith* v. *Hughey*, 138 *Ga.* 769 (2) (76 S. E. 91); *Frazier* v. *Broyles*, 145 *Ga.* 642 (89 S. E. 743); *Herrington* v. *Bryan*, 169 *Ga.* 382 (150 S. E. 555); *Cone* v. *Davis*, 179 *Ga.* 749 (2) (177 S. E. 558); *Bennett* v. *Blackshear Manufacturing Co.*, 183 *Ga.* 240 (187 S. E. 865). On the

question of venue the present case differs on its facts from *Wynne* v. *Lumpkin,* 35 *Ga.* 208, *Shropshire* v. *Rainey,* 150 *Ga.* 566 (104 S. E. 414), *Hand Trading Co.* v. *Citizens Bank of Moultrie,* 160 *Ga.* 448 (128 S. E. 65), *Georgia Power Co.* v. *Rome,* 172 *Ga.* 14 (157 S. E. 283), and *Tippins* v. *American Plant Co.,* 178 *Ga.* 726 (174 S. E. 378), in which the resident defendants were amenable to substantial equitable relief. The error in overruling the demurrer entered into and affected the further proceedings, rendering erroneous the order continuing the restraining order "as a temporary injunction," as related to the non-resident defendant.

The foregoing conclusions will not affect the cross-action filed by the insurance company or the consent order entered thereon, since no questions are raised in reference to these matters. Compare Code, § 3-510; *Bank of Tifton* v. *Saussy,* 127 *Ga.* 457 (56 S. E. 513); *Lacher* v. *Manley,* 139 *Ga.* 802 (78 S. E. 188); *Harry L. Winter Inc.* v. *Peoples Bank,* 166 *Ga.* 385 (3), 391 et seq. (143 S. E. 387). Furthermore, since it is held that the superior court of Bibb County was without jurisdiction to entertain the plaintiff's suit as against Mrs. Kinney, no ruling should now be made, and none is made, as to whether the plaintiff had a complete and adequate remedy at law by contesting the application for guardianship as filed in Putnam County, or as to other questions involved in the controversy between the plaintiff and such non-resident defendant. *Railroad Commission* v. *Palmer Hardware Co.,* supra; *Ruff* v. *Copeland,* 141 *Ga.* 805 (2) (82 S. E. 250); *Cone* v. *Davis,* 179 *Ga.* 749 (5), supra.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Atkinson, P. J., who dissent.*