BRADLEY *et al. v.* BURNS.

No. 12863. JULY 11, 1939.

*G. Seals Aiken* and *H. D. Bradley,* for plaintiffs in error.

*Boykin & Boykin,* contra.

DUCKWORTH, Justice. J. G. Burns filed suit in Carroll County superior court against W. P. Cumbie, a resident of Carroll County, and H. D. Bradley, a resident of Fulton County. The petition as finally amended alleged, in substance, that on August 26, 1935, H. D. Bradley executed and delivered to W. W. Richardson a bond for title obligating Bradley, upon the payment of $209.63 to convey to Richardson certain land in Carroll County described in the petition; that on January 27, 1936, Richardson for a valuable consideration transferred and assigned the bond for title to J. G. Burns; that defendant Cumbie as tenant of defendant Bradley is in possession of the land involved, and is paying the rents to Bradley; that plaintiff is entitled to the rents on the property since

January 27, 1936; that the rents amount to more than the amount due under the bond for title; and that the bond for title provides that upon the payment of the amount therein stipulated the obligor will convey to the obligee the land described, and will deliver possession. The prayers were for an accounting of the rents and a set-off of the same against the purchase-price of the land, for appointment of a receiver to take possession of the land and to collect the rents; for a decree of title, and that defendant Bradley be required to execute a deed of conveyance to plaintiff; for a writ of possession, and for general equitable relief. Defendant Bradley filed a demurrer to the petition as amended, among the grounds of demurrer being that the court was without jurisdiction, he being a resident of Fulton County, as shown by the petition. The demurrer was overruled, and Bradley excepted, assigning error upon that ruling.

■ "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Constitution of Georgia, art. 6, sec. 16, par. 3 (Code, § 2-4303). This is mandatory, and can not be altered by legislative enactment or any rule of construction. By this provision every suit in equity must be brought in the county where a defendant against whom substantial relief is prayed resides. In the instant case the petition alleges that Bradley is a resident of Fulton County, and by such an allegation it is shown that he is not a resident of Carroll County where this suit was brought. Cumbie is a resident of Carroll County; but in order to authorize the plaintiff to bring this suit in that county it must appear that some substantial relief is prayed against this defendant. The petition shows that Cumbie is merely a tenant of Bradley, claiming no title to or interest in the land involved in this suit, and the only relief prayed against him is that he pay rents to a receiver, attorn to the plaintiff as the owner of the premises, and surrender possession. These allegations are insufficient to meet the requirements of the constitutional provision. It was held in *Ellis v. Farmer*, 119 *Ga.* 238 (46 S. E. 105), that where a suit was against a certain person and one holding as his tenant, to have title to the land decreed to be in plaintiff, to recover mesne profits, and to have certain notes held by the main defendant delivered up and canceled, the tenant was not a substantial defendant as contemplated by the constitutional provision. Having seen that Cum-

bie was not such a defendant as would authorize bringing this suit, if it be a suit in equity, in the county of his residence, we will now consider whether or not the allegations and prayers of the petition made it a suit in equity. It is apparent that the main object of the suit is to obtain specific performance by Bradley of a contract for sale of the land, and to obtain this relief such a suit must be brought in the county of his residence. *Bivins* v. *Bivins*, 37 *Ga.* 346; *Johnson* v. *Griffin*, 80 *Ga.* 551 (7 S. E. 94); *Jackson* v. *Jackson*, 127 *Ga.* 183 (56 S. E. 318); *Fourth National Bank of Columbus* v. *Mooty*, 143 *Ga.* 137 (84 S. E. 546). The prayer is also for appointment of a receiver, for accounting, and for general equitable relief. It must be held that the suit is in equity.

By amendment the plaintiff struck his prayer for injunction, and prayed for possession of the premises involved; but this did not have the effect of making the suit one respecting title to land, required to be tried in the county where the land lies, as provided in art. 6, sec. 16, paragraph 2, of the constitution (Code, § 2-4302). *Clayton* v. *Stetson*, 101 *Ga.* 634, 640 (28 S. E. 983); *Hix* v. *Kiser*, 103 *Ga.* 738 (30 S. E. 583); *Vizard* v. *Moody*, 115 *Ga.* 491 (41 S. E. 997); *Brown* v. *Martin*, 137 *Ga.* 338 (73 S. E. 495, 39 L. R. A. (N. S.) 16); *Chosewood* v. *Jones*, 146 *Ga.* 804 (92 S. E. 646); *Cochran* v. *Groover*, 156 *Ga.* 323 (118 S. E. 865); *Hutchins* v. *Merritt*, 165 *Ga.* 650 (141 S. E. 652). In *Clayton* v. *Stetson*, supra, it was said: "The plaintiff relied, in the present case, upon a legal title which could be asserted in an ordinary common-law proceeding only upon an adjustment of the equities between her and the defendant. The adjustment of such equities being a preliminary indispensable to the prosecution of the action as a common-law suit to recover land, and it appearing from the petition itself that the plaintiff has not reinvested herself with the title through the medium of appropriate proceedings upon equitable principles, and the defendant confessedly not residing in the same county in which the land lies, it follows that the court did not err in dismissing the declaration, first, for the reason that the plaintiff showed title out of herself; and second, for the reason that, as against the defendant, no equitable relief which would reinvest her with the title could be granted against the defendant in the county in which the suit was instituted. We are thus led to the conclusion that the court properly dismissed on demurrer the plaintiff's ac-

tion." Applying the ruling quoted, we find that the petition showed that the plaintiff had no title, and that only after relief in equity decreeing title in him would he have an action at law for recovery of the land; and since, as ruled above, he would be entitled to such equitable relief against Bradley only when suit is brought therefor in the county where he resides, the demurrer should have been sustained and the action dismissed.

■ There are a number of other grounds of general and special demurrer, on which error is assigned. In view of the fact that the judgment is reversed, ordinarily a ruling would be made on these grounds; but since the petition will be dismissed for want of jurisdiction, it can not be tried again, and thus a ruling on other grounds of demurrer is unnecessary.

*Judgment reversed. All the Justices concur.*