FIRST NATIONAL BANK OF ATLANTA, executor, *v.* HOLDERNESS.

No. 13131. FEBRUARY 14, 1940. REHEARING DENIED MARCH 15, 1940.

Presiding Justice Atkinson and Associate Justice Bell being disqualified, Judges A. L. Etheridge and John D. Humphries were designated for this case.

*R. O. Jones* and *W. Y. Atkinson,* for plaintiff in error,

*Boykin & Boykin,* contra.

ETHERIDGE, Judge. Sidney Holderness Jr. filed his petition in equity against the First National Bank of Atlanta as the executor of the estate of his father, Sidney Holderness Sr., against his sister, Mrs. Clare H. Pittman, and himself, and against Mrs. Pittman and himself as the guardians of their mother, Mrs. Ada L. Holderness. It was alleged that the defendants other than the bank were the heirs at law of Sidney Holderness Sr. The suit was filed in Carroll superior court, in which county Sidney Holderness Jr., his mother, and his sister were residents, but the First National Bank

of Atlanta was a resident of Fulton County. The plaintiff alleged, that his father died in July, 1939, leaving a will appointing the First National Bank of Atlanta as executor and trustee of his estate; that sometime before the death of his father, the plaintiff, who was a practicing attorney, was persuaded by his father to forsake the practice of law and take up the management, control, and operation of his father's extensive farming interests; that after much persuasion he gave up the practice of law and went to the farm of his father, located in Douglas County, took charge of it, and has been operating it continuously since that time; that he took charge of the farm under an agreement with his father that the father would equip the farm with sufficient stock, tools, and implements to operate the farm, and, "if petitioner would go to his farm and do these things and look after it, that he would give the farm to your petitioner together with the implements, feed, mules, tractor, and other equipment thereon, necessary to operate the farm, and leave it to him as his own in fee simple, at his death, agreeing that whatever was on the farm at the time of his death should be petitioner's in fee simple, and unencumbered." Pursuant to and relying upon this agreement, the plaintiff went to said Douglas County farm and fully carried out his agreement with his father. For some reason unknown to petitioner, his father died without having previously executed a deed to him conveying the Douglas County farm with the implements, stock, and tools thereon, nor "did he in making his will, by inadvertence or otherwise, leave this farm to your petitioner."

A copy of the will of Sidney Holderness Sr. was set out as an exhibit with the petition. All of the property of Sidney Holderness Sr., located in Georgia, was devised to the First National Bank of Atlanta in trust. The trustee was directed to pay certain income to the testator's wife during her life, as well as certain sums to his son and daughter. They with their mother constituted all the heirs of Sidney Holderness Sr. The trustee was directed to hold the estate for five years after the death of Mrs. Holderness, and thereafter a division in kind or in money was to be made between the son and daughter of Sidney Holderness Sr. The trustee was given power to administer the said trust estate, with full right and authority to sell any part of the estate at private or public sale. The petitioner alleged that the bank, as executor and

trustee, had made an inventory of the estate and included the Douglas County farm as a part of the trust estate, and had notified the plaintiff of its intention to sell the personal property on the farm and to interfere with petitioner in his use of the same and of the realty. He prayed that the bank and other parties named in the suit be restrained from interfering with his possession, control, and enjoyment of the property described in the petition; that the contract between him and his father, giving plaintiff title to the Douglas County farm and all the equipment thereon, be specifically performed; and that title to the property be decreed in petitioner, free of all liens and claims against it.

The bank filed demurrers, general and special. One of the grounds of the general demurrer was that the petition asked for substantial equitable relief only against the First National Bank of Atlanta, a resident of Fulton County, that all of the other named defendants were residents of Carroll County, and no substantial equitable relief was prayed against these other defendants, and that the court was without jurisdiction to entertain said petition. The demurrers were overruled, and the bank excepted. It is recited in the bill of exceptions that the other defendants did not file any demurrers or join the executor in its demurrers.

■ On the day this case was set for argument in this court the defendant in error filed a motion to dismiss the writ of error, on the ground that the guardians of Mrs. Sidney Holderness Sr., Mrs. Clara Pittman, and Sidney Holderness Jr., who are heirs at law of Sidney Holderness Sr., though parties in the trial court, were not made parties to the bill of exceptions, and that the writ of error should be dismissed for lack of these essential and necessary parties. Where a petition is filed against several defendants, and one files a demurrer which is overruled, and he excepts, the remaining defendants need not be made parties to a bill of exceptions assigning error on the overruling of the demurrer. *Jones* v. *Hurst*, 91 *Ga.* 338 (17 S. E. 635); *Huey* v. *National Bank of Fitzgerald*, 177 *Ga.* 64 (169 S. E. 491); *Federal Land Bank of Columbia* v. *Paschall*, 180 *Ga.* 224 (178 S. E. 659). In this case all necessary parties were properly designated in the bill of exceptions, and the motion to dismiss the writ of error is without merit.

■ One of the grounds of demurrer was that the superior court of Carroll County was without jurisdiction, in that the only sub-

stantial equitable relief prayed was against the First National Bank of Atlanta, as executor and trustee of the estate of Holderness, which defendant is a resident of Fulton County; and there being no substantial relief prayed against the parties resident in Carroll County, the case could not proceed in Carroll County. "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed." Code, § 3-202. If substantial relief is prayed against all the defendants, the suit may be brought in the county of any of the defendants. . *Bryan & Hunter* v. *King,* 51 *Ga.* 291; *Austin* v. *Raiford,* 61 *Ga.* 125. But where an equitable petition does not pray for substantial relief against any defendant residing in the county where the suit is brought, the court is without jurisdiction; and where the same appears on the face of the petition, the suit is subject to dismissal on demurrer based on this jurisdictional ground. *Toland* v. *Camp,* 138 *Ga.* 334 (75 S. E. 138) ; *Cone* v. *Davis,* 179 *Ga.* 749 (177 S. E. 558) ; *Kinney* v. *Crowe,* 186 *Ga.* 851 (2) (199 S. E. 198). And although a resident defendant be named in the action, if the relief sought against him be not substantial, the court can not take jurisdiction over a non-resident defendant against whom substantial relief is prayed. *Millen Hotel Co.* v. *Chastaine,* 183 *Ga.* 172 (188 S. E. 4). So, in this case, the first question for decision is whether the allegations in the petition were sufficient to confer jurisdiction in the court of the First National Bank of Atlanta as executor and trustee, residing in Fulton County. *Bradley* v. *Burns,* 188 *Ga.* 434 (2) (4 S. E. 2d, 147).

The Code, § 3-202, stating the venue of equitable petitions, and providing that a petition for equitable relief can be filed in the county of the residence of any one of the defendants "against whom substantial relief is prayed," has been before this court many times for construction and interpretation. Each case must be determined on its particular allegations, and must be decided on the nature, extent, and kind of equitable relief sought and the relationship between the parties to the action. One of the best statements as to what tests are to be applied is found in *Railroad Commission* v. *Palmer Hardware Co.,* 124 *Ga.* 633, 639 (53 S. E. 193), where Mr. Justice Lumpkin, in discussing this provision dealing with venue in equitable cases, said: "The framers of the constitution doubtless knew of the decisions above cited, and were unwilling to leave the

matter as there determined. They did not, therefore, say that equity cases might be tried in any county where a proper party or a necessary party resided, or according to the usages of the courts theretofore, or by seeking to apply analogies, but required further that such cases should be tried in the county where one or more parties resided against whom substantial relief was prayed. Substance, not form alone, was here brought into consideration. If analogy to the requirement in regard to cases at law could not ordinarily determine by construction the venue further than by looking to the question of proper or necessary parties defendant, the constitution sought to make the analogy still closer by fixing the venue with a view of real substance. We do not mean that there must be a sort of testing by exact measure, or that equity will resort to niceties of difference, as if it determined venue by troy weight. But as between two defendants resident in the State, the venue should be in the county where resides that one against whom substantial relief is prayed, although the other may be a proper party to the case." In speaking on the question as to whether or not a prayer for injunctive relief, standing alone, might be sufficient, the court, after citing several cases, said: "Thus it will be seen that the mere fact of praying an injunction against a defendant does not, in all events, confer the right to file the equitable petition in the county of his residence, or to draw to that county residents of other counties." The words "substantial relief" mean substantial equitable relief. *Wright* v. *Trammell,* 176 *Ga.* 84 (166 S. E. 866); *Kinney* v. *Crowe,* supra. The essential fact necessary to confer jurisdiction is, not that a defendant residing in the county has a substantial interest in the litigation, but whether or not substantial relief is prayed against such defendant. *Bennett* v. *Blackshear Mfg. Co.,* 183 *Ga.* 240 (187 S. E. 865). The essential result sought in the petition was to establish by decree the title in the plaintiff to the farm, with its stock, implements, and equipment thereon, free of lien, based on the contract whereby, upon the son doing certain things, his father, the owner of the farm, would give this property, either by deed or will, to his son; and that the son having complied with his part of the contract, and his father having died without performing his part of the contract, in good conscience and equity the executor and trustee of his father's estate should be compelled to perform the contract.

It is not alleged or claimed that either Mrs. Holderness or any of the heirs other than the plaintiff are in actual possession of the farm or any part of it. Nor is there any allegation that the executor is in collusion or conspiracy with any other defendant, seeking to deprive the plaintiff of any right that he may claim to the farm. The only allegation as to any interference or threat of interference with his right to have the use and enjoyment of the farm is directed against the bank as executor. There is no allegation, and no positive prayer, which seeks any material equitable relief as against the parties defendant residing in Carroll County. It is true that injunctive relief is prayed against these heirs, residents of Carroll County, to prevent their interfering with plaintiff's use and enjoyment of the property. In order to have the alleged contract between the parties specifically performed, the only necessary and essential party is the executor of the father's estate, because, on the death of the testator, any outstanding contracts that should be performed would rest on the executor, if there was a will, and, in the absence of a will, on the administrator of the father's estate. The real contest is as to whether this farm is the property of the son or the property of the estate. The theory of the plaintiff's case is that by reason of the agreement with his father, and his carrying out the agreement, the farm as a matter of equity belongs to him, and that equity should require the executor to do what his father, the testator, ought to have done before his death.

The heirs, as remaindermen, do have a pecuniary interest in the estate, and what is taken and given to one would, of course, deprive others of the ultimate amount they might be entitled to receive; but that is necessarily true as to any claim, whether on contract or debt, that is made against an estate. The test here is not whether the resident defendants might be interested in the outcome of the plaintiff's case, or whether a decree in favor of the plaintiff would adversely affect the resident defendants; but the question to be determined is what substantial equitable relief is sought against the resident defendants. The case at bar is somewhat analogous to that class of cases where one claiming to have been adopted as a child of another, after the death of the adopting parent, seeks to have his or her rights as a child decreed by a court of equity. In those cases it is held that the right of action to have a right grow-

ing out of the alleged adoption specifically performed is one resting against the executor or administrator of the deceased parent, and the heirs of the estate in which the child claims a part are not necessary parties to the action. *Copelan* v. *Montford,* 153 *Ga.* 558 (113 S. E. 514); *Columbus Bank & Trust Co.* v. *Jones,* 176 *Ga.* 620 (168 S. E. 561). The prayer for injunctive relief against the resident defendants, not being necessary or incidental to obtaining the main equitable relief against the executor, can not be held to set up a cause of action for substantial equitable relief against the resident defendants. Especially is this true in this case, because, under the facts alleged, the resident defendants are neither essential nor necessary parties to the plaintiff's action to require the non-resident executor to specifically perform the alleged contract.

The ruling here is not contrary to what was held in *Waters* v. *Waters,* 167 *Ga.* 389 (145 S. E. 460), because there it was alleged that the executor and the resident defendant were joint heirs, and were conspiring to defraud the plaintiff of his interest in the estate; and further, the question of jurisdiction over the non-resident executor was waived by his appearance and pleading to the merits, without pleading to the jurisdiction, and agreeing that the case might be tried at the first term of the court. Having held that Carroll superior court was without jurisdiction of the case, it is unnecessary to pass on the other questions raised by the demurrers.

*Judgment reversed. Reid, C. J., Jenkins, Grice, and Duckworth, JJ., and Humphries, J., concur.*