No substantial relief being prayed against the only defendant resident of the county where the equity suit was filed, the demurrer raising the question of jurisdiction should have been sustained and the action dismissed. First National Bank of Atlanta v. Holderness, 189 Ga. 819 (7 S.E.2d 682).
Judgment reversed. All the Justices concur.
 No. 13365. JUNE 12, 1940.
Mrs. Winnie E. Johnson, individually and as the next friend of her minor children, brought a suit in equity in the superior court of Evans County, Georgia against Roy L. Johnson as administrator of the estate of M. G. Johnson, deceased, Bank of Millen, a Georgia corporation the principal place of business of which is alleged to be in Jenkins County, Charles G. Earnest as administrator of the estate of D. W. Johnson, deceased, and C. E. Johnson, whose residence is alleged to be in the State of Virginia. The only defendant alleged to be a resident of Evans County where the suit was filed was Charles G. Earnest. Roy L. Johnson, a resident of Jenkins County, was alleged to have been appointed administrator de bonis non of the estate of M. G. Johnson after the death of D. W. Johnson, who was first appointed his administrator. It was alleged, that at the time of D. W. Johnson's death he had been administrator for more than twelve months; and that while Charles G. Earnest had been administrator of the estate of D. W. Johnson less than twelve months when this suit was filed, he waived his exemption and consented in writing that the suit be filed against him; that when D. W. Johnson died he left surviving the petitioner, Mrs. Winnie E. Johnson, his widow, and their two minor children, Sarah Blanche Johnson and Jimmie Johnson, and *Page 483 
that the court of ordinary of Jenkins County, where the said D. W. Johnson resided at the time of his death, set apart to petitioners the described property as a year's support, which includes "all the interest, equity and title the said Dan W. Johnson had in any and all property, realty or personalty, in what is known as Johnson Distributing Company, choses in action, notes and accounts;" that "Charles G. Earnest as administrator of the estate of D. W. Johnson, deceased, has not turned over the plaintiffs' property described, for the reason that said property has been seized and taken possession of by C. E. Johnson, one of the defendants, and delivered to the Bank of Millen, and the said Charles G. Earnest can not get possession of said property so as to turn it over to plaintiffs;" that petitioners have demanded possession of this property from C. E. Johnson, Bank of Millen, and Charles G. Earnest, but such demand has been refused on the alleged pretense of C. E. Johnson and Bank of Millen that they claim the right to the possession thereof as the property of Johnson Distributing Company, which they claim is a corporation, whereas the petitioners allege that said property was the property of D. W. Johnson during his lifetime, and that upon the granting of the same as a year's support the title thereto vested in petitioners.
They further allege, that several years before his death D. W. Johnson became financially involved by reason of being a large stockholder in First National Bank of Millen, which was being liquidated and was at that time thought to be insolvent; that he applied for a charter for a corporation to be known as Johnson Distributing Company, the petitioners therefor being, besides himself, his brother C. E. Johnson, and his father M. G. Johnson; that an order was passed by the judge of the superior courts of the Ogeechee Circuit, granting a charter for Johnson Distributing Company; that there was in fact no incorporation as the result of the granting of such charter, for that no stock was ever issued, no money invested, no officers of such organization elected, and the charter was never accepted by stockholders, but the assets of the purported corporation were the individual property of D. W. Johnson, who conducted his business in the trade-name of Johnson Distributing Company; that during his lifetime D. W. Johnson borrowed $1250 from some bank, giving his note therefor, indorsed by the defendant C. E. Johnson, who is trying to collect the notes *Page 484 
and accounts set apart to petitioners as a year's support, for the purpose of applying the sums so collected to the payment of the principal and interest of said note; that the notes and accounts so set apart as a year's support are of doubtful collectibility, and there is danger of great loss to petitioners unless some one is vested with authority to collect them; that the makers thereof refuse to make payment to the defendants, because they have no authority to collect, and refuse to make payment to petitioners, because the notes are negotiable instruments, and plaintiffs can not produce the notes and securities, they being in the possession of the defendants; that C. E. Johnson is collecting such of them as he can, but making no account to petitioners; that Roy L. Johnson as administrator of M. G. Johnson, deceased, claims an interest in said property by virtue of M. G. Johnson's being named as one of the petitioners in the application for the charter of Johnson Distributing Company; and that Roy L. Johnson is sheriff of Jenkins County, and he is individually interested in the result of the suit, for the reason that he is an heir at law of M. G. Johnson, one of the petitioners for the charter. Petitioners, alleging that they have no adequate remedy at law, pray that the defendants be temporarily restrained from altering the status of the property; that on the hearing an interlocutory injunction be granted enjoining the defendants from trying to collect said notes and accounts; that a receiver be appointed to take charge of the notes and accounts described in the petition, and try to collect them, and hold the proceeds for a final determination of the case; that on the final hearing the title to said property be decreed in plaintiffs; that a permanent injunction be granted, enjoining the defendants from interfering with petitioners' right to the possession and control of said property; that second originals be issued and service made on the defendants residing in Jenkins County; and that C. E. Johnson, who is a resident of the State of Virginia, be served by publication.
Roy L. Johnson, as administrator de bonis non of the estate of M. G. Johnson, filed his general demurrer on the grounds, that the petition fails to show that the petitioners have no adequate remedy at law; that it shows on its face that the superior court of Evans County is without jurisdiction of the defendant, for the reason that no substantial relief is prayed against the only resident defendant of that county, Charles G. Earnest as administrator of the *Page 485 
estate of D. W. Johnson, deceased; and that the petition is multifarious, and seeks to join in one petition several inconsistent causes of action. The judge overruled this demurrer, and Roy L. Johnson, administrator, excepted.