REYNOLDS *v.* SOLOMON *et al.*

No. 13493.   October 15, 1940.

*Grigsby H. Wotton* and *Augustine Sams,* for plaintiff.

*John E. Feagin, Scott Hogg, Bryan, Middlebrooks & Carter,* and *Bonneau Ansley,* for defendants.

DUCKWORTH, Justice. "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed." Code, § 3-202. The words "substantial relief" as used in this section mean substantial equitable relief. *Wright* v. *Trammell,* 176 *Ga.* 84 (166 S. E. 866); *Kinney* v. *Crow,* 186 *Ga.* 851 (2) (199 S. E. 198); *First National Bank* v. *Holderness,* 189 *Ga.* 819 (7 S. E. 2d, 682). If substantial relief is prayed against all the defendants, the suit may

be brought in the county of any of the defendants. The only question presented by this record is whether the petitioner prayed for such substantial equitable relief against the insurance company, which has an agent and place of business in Fulton County, as to authorize making Louise Solomon, a resident of Bibb County, a party defendant to the suit filed in Fulton County. It is apparent from the pleadings that the main object and the chief equitable relief sought is cancellation of the purported assignment of the insurance policy. The petitioner's right to a recovery against the insurance company is dependent upon the validity of the assignment. If the assignment is valid, she is entitled to none of the relief which she seeks against either defendant. But it is insisted that the insurance company is such a necessary party to a suit for cancellation of the assignment as to authorize the suit being brought in the county of its residence. In support of this contention counsel rely on *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64 (2) (169 S. E. 491), where it was said: "In equity cases all persons whose rights and interests are sought to be affected are necessary parties defendant; and where such persons are accordingly made defendants, they are parties against whom substantial equitable relief is prayed, within the rule as to venue in equity cases." However, there is nothing in the present case to show that the insurance company is a "necessary" party to the suit for cancellation. Its rights and interests will not be affected in any event. Its liability under the policy is the same whether the proceeds should be paid to the petitioner or to the assignee of the alleged void assignment. It doubtless desires that the validity of the assignment be determined, in order that it may safely pay the proceeds of the policy to one of the claimants; but this is not such an interest as to make it a necessary party to the suit for cancellation. In the *Huey* case, supra, the rights of the resident defendant would have been vitally affected by the grant of the equitable relief sought. In the instant case the rights of the resident defendant would have been only incidentally involved by the grant of the relief of cancellation; and therefore with respect to this portion of the suit the insurance company was not a defendant against whom substantial relief was prayed. See *Railroad Commission* v. *Palmer Hardware Co.,* 124 *Ga.* 633, 639 (53 S. E. 193); *Bradley* v. *Burns,* 188 *Ga.* 434 (2) (4 S. E. 2d, 147); *First*

*National Bank* v. *Holderness,* supra. The prayer for injunction against the insurer is relied on as authorizing the filing of the petition in the county of its residence and drawing to that county the other defendant; but this relief also appears to be merely incidental. As stated in *Kinney* v. *Crow,* supra: "It did not appear that any wrong had been committed or threatened by the insurance company as against the plaintiff. If it had paid the insurance money to one who was not authorized to receive it, the plaintiff would not have been hurt." The prayer for injunctive relief against the resident defendant was not sufficient to give the court jurisdiction of Louise Solomon. See *Railroad Commission* v. *Palmer Hardware Co.,* supra. Neither was the prayer for an accounting against the insurance company sufficient to give the court jurisdiction of the other defendant. Assuming that this was a prayer for an equitable accounting, and not an accounting at law, it was merely incidental to the other equitable relief sought, and, like the prayer for injunctive relief, failed to give the court jurisdiction of the defendant residing in a different county. While equity seeks to do full and complete justice, and all ·parties interested in the subject-matter of a suit should be made parties thereto, the suit must be filed in the county of the residence of a defendant against whom substantial equitable relief is sought. No substantial equitable relief being sought against the resident defendant in the instant case, the court did not err in sustaining the demurrer of Louise Solomon, a resident of another county, and dismissing the action as to her.

*Judgment affirmed. All the Justices concur.*