GRACE *et al. v.* INTERSTATE BOND COMPANY *et al.*

No. 14067. APRIL 16, 1942.

*Walter J. Grace, Walter T. Johnson, Orville A. Park,* and *Orville A. Park Jr.,* for plaintiff. *Jones, Jones & Sparks, Charles M. Cork,* and *Harris, Russell & Weaver,* for defendant.

REID, Chief Justice. The present action was instituted in the superior court of Bibb County, against Interstate Bond Company, a corporation having its principal office and place of business in Fulton County, and L. A. McCrary, a resident of Bibb County, for cancellation of a tax deed executed by the sheriff of Bibb County to the Interstate Bond Company, and for injunction. The lower court dismissed the petition on demurrer, and the plaintiffs excepted. There were several grounds of the demurrer, the first one of which set up that the court was without "jurisdiction of the parties, cause of action or subject-matter," for the reason that it appeared from the allegations that the only substantial relief prayed was against the Interstate Bond Company, a resident of Fulton County.

It seems rather clear that the action does not measure up to the rule established by our constitution that "equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Code, § 2-4303. In addition to setting out the fact of the sale of the property held under the levy of a state and county tax fi. fa., and the execution of the deed pursuant thereto, it was alleged that L. A. McCrary "has for some time past been demanding payment of the amount bid for said property by the Interstate Bond Company, together with heavy penalties thereon"; and that he has caused to be published in a newspaper a notice on behalf of the Interstate Bond Company under the act of 1937, for the purpose of foreclosing the plaintiffs' right of redemption as therein provided. The act of 1937 was alleged to be unconstitutional on various grounds, and the sale and deed were attacked on other grounds. The prayers were substantially that the act of 1937 be declared unconstitutional; that the deed be canceled; that the defendants be enjoined "from taking any steps to take charge of or seize property of petitioner, . . or from taking any steps to foreclose or in any way bar the

right of petitioner described in the petition, or from taking any steps to foreclose or in any way to bar the right of petitioner in and to said property;" that the defendants be enjoined "from collecting or endeavoring to collect any of the tax penalties, costs, or other amounts under or by virtue of the said notice or under the guise of redemption of said property." It does not appear that McCrary, the resident defendant, claims individually any interest in the property in dispute, or any right against the plaintiffs, and it is apparent from the allegations of the petition that his only relationship to the controversy is simply as the agent of the Interstate Bond Company. The substantial controversy set out in the petition exists solely between the plaintiffs as the former owners of the property, and the Interstate Bond Company, the holder of the tax deed. While it is true that the petition prays for injunctive relief against McCrary, it has been ruled "that the mere fact of praying for an injunction against a defendant does not, in all events, confer the right to file the equitable petition in the county of his residence, and to draw to that county residents of other counties." *Railroad Commission of Georgia* v. *Palmer Hardware Co.,* 124 *Ga.* 633 (53 S. E. 193). See *Cone* v. *Davis,* 179 *Ga.* 749 (177 S. E. 558) ; *First National Bank of Atlanta* v. *Holderness,* 189 *Ga.* 819 (7 S. E. 2d, 682) ; *Keith* v. *Hughey,* 138 *Ga.* 769 (76 S. E. 91). It has been held that the venue of an equitable action to restrain the exercise of a power of sale contained in a security deed by a resident agent of the grantee, who is a resident of another county, is in the county of the residence of the grantee, and that a suit for injunction against the resident agent and the grantee in the county of the agent's residence can not be sustained. *Meeks* v. *Roan,* 117 *Ga.* 865 (45 S. E. 252). It has also been held that "the venue of an equitable action to restrain the levy of an execution and a sale of land under the levy is in the county of the residence of the plaintiff in execution, if a resident of this State, against whom substantial relief is prayed, where no misconduct of the levying officer is alleged, and the relief prayed for against him is merely incidental." *Herrington* v. *Bryan,* 169 *Ga.* 382 (150 S. E. 555). See also *Southern Title Guarantee Co.* v. *Lawshe,* 137 *Ga.* 478 (73 S. E. 661). It is not alleged that McCrary, the resident defendant, is about to commit any unlawful act against the plaintiffs, irreparable in damages. As a matter of

law, these plaintiffs are under no legal obligation to pay the Interstate Bond Company the amount of money which it paid in purchasing the property at the tax sale, this being purely a matter of election on the part of. the plaintiffs (so long as the right of redemption exists) ; and accordingly the prayer, in substance, that the defendants be enjoined from collecting the amount of the tax, penalties, and costs has no substance. The same conclusion must be reached as to the prayer to the effect that the defendants be enjoined from taking any steps to seize the property, since it is not alleged that the defendants intended any illegal conduct, or have done any specific act to dispossess the plaintiffs or to interfere with their possession. *Carrington* v. *Citizens Bank of Waynesboro,* 140 *Ga.* 798 (80 S. E. 12) ; *McCaskill* v. *Bower,* 126 *Ga.* 341 (54 S. E. 942). See generally, in support of the conclusion reached: *Ellis* v. *Lamar,* 44 *Ga.* 9 ; *Martin* v. *Gaissert,* 134 *Ga.* 34 (67 S. E. 536) ; *Reynolds* v. *Solomon,* 191 *Ga.* 1 (11 S. E. 2d, 201) ; *Caswell* v. *Bunch,* 77 *Ga.* 504; *Ellis* v. *Farmer,* 119 *Ga.* 238 (46 S. E. 105).

In connection with the foregoing ruling it may be stated that after the case had been argued in this court the parties attempted, by stipulation and by motion filed in this court, to make the question of jurisdiction moot, that is, for the defendant to consent to the jurisdiction of Bibb superior court. To this motion was attached a copy of a document entitled "stipulation" filed in the trial court after the bill of exceptions had been signed and the record transmitted to this court. This document was agreed to and signed by counsel for all of the parties, and was approved and ordered filed by the trial judge on March 25, 1942. It provided: "Interstate Bond Company hereby withdraws its grounds of demurrer based upon the _ fact that it is a non-resident of Bibb County, Georgia, and consents to the jurisdiction and venue of Bibb superior court." In *Beck & Gregg Hardware Co.* v. *Crum,* 127 *Ga.* 94 (56 S. E. 242), it was held: "After the trial judge signed the certificate to a bill of exceptions his power and jurisdiction over the case ceased, except as provided in the Civil Code, § 5536, as amended by act approved August 22, 1905. Therefore, where he subsequently allowed and certified what purported to be an amendment to the bill of exceptions, this court can not adjudicate the questions sought to be raised by such amendment." And in *McEwen* v. *Kelly,* 140 *Ga.* 720 (5) (79 S. E. 777), this court

held: "After a judgment has been entered sustaining a demurrer to an action brought against three defendants, and dismissing the entire case, and while the case is pending in this court on a bill of exceptions assigning error on such judgment, the judge of the trial court is without jurisdiction, even by consent of counsel, to enter another judgment reciting that it was intended to overrule the demurrer as to one of the defendants, and altering the former judgment accordingly."

What is proposed to be done here is not merely to withdraw an assignment of error or to waive a point of law relied upon, but the effect of it would be to reconstruct the pleadings and make a new case different from the one the issues of which are embraced in the ruling contained in the bill of exceptions. The general demurrer which was sustained expressly made the question of jurisdiction. For aught this court knows, the trial court may have sustained the general demurrer to the petition solely on the question of jurisdiction; if so, the elimination of such issue, made by the pleadings after the case reached this court, if such could be done, might leave this court to adjudicate other questions which either the trial court had not passed on or were merely contained in the order overruling the petition because of the lower court's idea of the law on the question of jurisdiction. Since this court is one for the correction of errors, and since the lower court has no power to change the questions as made by the bill of exceptions, we are compelled to rule upon the question of jurisdiction and venue without reference to the stipulation and motion.

■ Where, as in the instant case, the petition was dismissed on demurrer raising, among others, the question of jurisdiction, it is the duty of this court to decide the question of jurisdiction first; and since the judgment is affirmed on that ground, other questions will not be decided. *Ruff* v. *Copeland,* 141 *Ga.* 805 (2) (82 S. E. 250); *Cone* v. *Davis,* supra; *Kinney* v. *Crow,* 186 *Ga.* 851, 858 (199 S. E. 198); *Bradley* v. *Burns,* 188 *Ga.* 434 (2) (4 S. E. 2d, 147); *First National Bank* v. *Holderness,* supra; *Blount* v. *Metropolitan Life Insurance Co.,* 190 *Ga.* 301, 304 (9 S. E. 2d, 65).

*Judgment affirmed. All the Justices concur, except Grice, J., disqualified.*